HENRY BOAZ *et al.* v. IRENE BOAZ SWINNEY *et al.*

No. 15,769.   (99 Pac. 621.)

SYLLABUS BY THE COURT.

1. DESCENTS AND DISTRIBUTIONS—*Adopted Child.* An adopted child has no right of inheritance from its adoptive parents other than those given by the law under which it is adopted.

2. —— *Limitation of Adopted Child's Right of Inheritance.* Where the law under which a child is adopted limits its right of inheritance to the estate of the adoptive parents, such child can not, after the death of its adoptive father, inherit from the deceased brother of such adoptive father or his other collateral kindred.

3. —— *Same.* The law of the state of Illinois providing for the adoption of minors which took effect April 22, 1867, in defining the rights of minors so adopted, reads: "And thenceforward the relation between such person and the adopted child shall be, as to their legal rights and liabilities, the same as if the relation of parent and child existed between them, except that the adopted father or mother shall never inherit from the child; but to all other persons the adopted child shall stand related as if no such act of adoption had been taken." (Laws of Illinois, 1867, p. 134.) *Held,* that the right of inheritance given to an adopted child under this law is limited to its adoptive parents, and it can not take from the estate of their collateral kindred.

Error from Jewell district court; RICHARD M. PICK-LER, judge. Opinion filed January 12, 1909. Reversed.

*J. C. Postlethwaite,* and *Robert C. Postlethwaite,* for plaintiffs in error.

*Frank M. Porter,* and *M. H. Burnham,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This is a suit for partition. The only controversy arises over the interest of defendant in error Irene Boaz Swinney, who claims to be an heir by adoption. The suit was commenced in the district court of Jewell county, where she was held to have an interest in the land, and the defendants bring the case here for review.

Irene Boaz Swinney was adopted as the child of Asa Boaz and his wife, Mary G. Boaz, under the law of the state of Illinois. The effect of such adoption, as stated in the law of that state, so far as necessary to be considered here, reads:

"And thence forward the relation between such person and the adopted child shall be, as to their legal rights and liabilities, the same as if the relation of parent and child existed between them, except that the adopted father or mother shall never inherit from the child; but to all other persons the adopted child shall stand related as if no such act of adoption had been taken." (Laws of Illinois, 1867, p. 133.)

This statute fixes her legal status and defines her future relationship to her adoptive parents, and this status should be recognized and enforced here, so far at least as it does not conflict with some law or policy of this state. (*Gray v. Holmes,* 57 Kan. 217, 45 Pac. 569, 33 L. R. A. 207; *Van Matre v. Sankey et al.,* 148 Ill. 536, 36 N. E. 628, 39 Am. St. Rep. 196, 23 L. R. A. 665.)

The land in controversy was formerly owned by a brother of Irene Boaz Swinney's adoptive father, who died intestate, leaving neither wife, descendants nor parents. It is conceded that if Asa Boaz had been living he would have inherited a portion of such deceased brother's estate, but it is insisted that, being dead, his child by adoption does not inherit through him from his relatives, as one of his natural children would. This presents the only legal question involved in the controversy. The decided cases are not entirely in har-

mony upon this question, but the difference between the decisions seems to arise more because of a want of uniformity in the statutes being considered than on account of a disagreement as to any controlling legal principle involved. The cases may be said to agree that, while the law of adoption is of comparatively recent origin, it is founded upon a wise and beneficent purpose, which should be sustained and promoted by giving the law a liberal construction. (*Cofer v. Scroggins,* 98 Ala. 342, 13 South. 115, 39 Am. St. Rep. 54; *Parsons v. Parsons,* 101 Wis. 76, 77 N. W. 147, 70 Am. St. Rep. 894.)

Some of the cases hold, however, that all changes in the law of inheritance which may be made by any law of adoption are in derogation of the long-established rules upon that subject, and should not be extended by construction, but, on the contrary, they ought to be restricted so as to apply between the parties to the adoption proceedings only, unless a contrary purpose is clearly expressed. (*Keegan v. Geraghty et al.,* 101 Ill. 26; *Van Derlyn v. Mack,* 137 Mich. 146, 100 N. W. 278, 109 Am. St. Rep. 669, 66 L. R. A. 437; *Phillips, Exr., v. McConcia, Guardian,* 59 Ohio St. 1, 51 N. E. 445, 69 Am. St. Rep. 753; *Helms, Adm'r, v. Elliott,* 89 Tenn. 446, 14 S. W. 930, 10 L. R. A. 534.) The language of the statute of Illinois, under which Irene Boaz Swinney was adopted, seems to restrict the right of inheritance given to the adopted child to an inheritance from the parent only. We have not been able to find a case where the courts of Illinois have directly decided the specific question, but the case of *Keegan v. Geraghty et al.,* 101 Ill. 26, bears strongly in that direction, and we accept the interpretation there suggested.

The district court found that the adopted child was entitled to an interest in the land the same as if her adoptive father had outlived his brother and received the interest due him from the estate and then died while in possession thereof, and a decree was entered

accordingly. The land, not being susceptible of partition, was sold and the money paid into court for distribution. We think the court erred in awarding Irene Boaz Swinney any interest in the land.

The judgment of the district court is reversed, with direction to distribute the proceeds of the land among the other parties, as may be proper under the views herein expressed.