Franklin v. Fairbanks.

---

No. 20,417.

PAUL R. FRANKLIN, *Appellee,* v. A. M. FAIRBANKS, *Appellant.*

SYLLABUS BY THE COURT.

1. ADOPTED CHILD—*Rights of Heir at Law.* The statutory rule followed that an adopted child has the same rights of person and property as natural children or heirs at law of the person adopting her. (Gen. Stat. 1909, § 5066.)

2. SAME—*Will of Adopting Parent—Descents and Distributions.* Where a person dies leaving a life estate to his sole heir, an adopted daughter, and the remainder to her issue if she should have issue, he dies conditionally intestate as to the remainder, and upon the death of the daughter without issue, the remainder descends to those who claim through the daughter, and not to his collateral kindred.

Appeal from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed December 9, 1916. Reversed.

*George H. Barker, E. D. Woodburn,* and *F. T. Woodburn,* all of Holton, for the appellant.

*E. S. Francis, E. C. Brookens,* and *W. F. Challis,* all of Westmoreland, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Samuel F. Campbell, of Pottawatomie county, died on November 4, 1904, without a wife and with no children except an adopted daughter, Debbie G. Campbell. He left a will bequeathing a hundred dollars to each of his two sisters and to his only brother he left his rifle. It further provided:

"Fourth. I give and bequeath all of the remainder of my estate both real and personal of whatsoever nature to my Adopted Daughter Debbie G. Campbell during her natural life and then to her heirs if any survive her if no heirs survive her then to some Prodisan orfans Home."

This adopted daughter died in October, 1912, at the age of sixteen years, without husband or children.

A tract of land which belonged to Samuel F. Campbell in his lifetime is the subject of this lawsuit. The plaintiff claims title and part ownership through a deed and a contract of purchase from the heirs of Samuel's brother. The defendant claims title under a deed executed to him by the administrator of Debbie G. Campbell's estate. The litigants agree that the contingent grant to some protestant orphans' home is void for uncertainty of beneficiary. They likewise agree:

"Seventh. By the use of the word 'heirs' in the fourth numbered item or paragraph of the will of S. F. Campbell, the testator therein meant 'issue.' . . . In addition to the foregoing facts it is further agreed that the proceedings in the probate court of Jackson County, Kansas, in the estate of Debbie Campbell, leading up to the administrator's deed to the defendant, A. M. Fairbank, are regular, if in fact Debbie G. Campbell's estate had any interest in the property which could be conveyed."

The district court rendered judgment for plaintiff and defendant appeals.

Since it is agreed that the uncertain grant to some protestant orphans' home is void and that the word "heirs" in the fourth clause of the will means "issue," we have then a bequest of a life estate to Debbie G. Campbell, and, subject to the contin-

gency of Debbie's having issue, an intestacy as to the remainder of S. F. Campbell's estate. What happens if Debbie has no issue? It goes to his heirs. Who are his heirs? His only daughter, an adopted daughter, of course, but none the less his daughter. (*Gray v. Holmes,* 57 Kan. 217, 45 Pac. 596; *Riley v. Day,* 88 Kan. 503, 129 Pac. 524.) Under the will his daughter took a life estate. Upon her failure of issue the conditional intestacy of Samuel became absolute, and the remainder of the estate passed to those who may claim under Debbie, the nearest, sole and direct heir at law of Samuel. While Debbie died without issue, Samuel did not. He left Debbie in his own direct line (Gen. Stat. 1909, § 5066) and his collateral kindred have no claim to his property as against the grantee of Debbie's administrator. This necessitates a reversal of the judgment.