No. 27,451.

In re Estate of JOHN J. RIEMANN; MARIA R. FETT, *Appellant*, v.
CYNTHIA RIEMANN, as Administratrix, etc., et al., *Appellees*.

SYLLABUS BY THE COURT.

1. ADOPTION—*Inheritance by Adopted Child.* An adopted child has no rights
of inheritance from or through its adoptive parents other than those given
by the law under which it was adopted—following *Boaz v. Swinney,* 79 Kan.
332, 99 Pac. 621.

2. SAME—*Limitation on Right of Inheritance—Constitutional Law.* Appellant
was adopted by a brother of the deceased intestate pursuant to an Illinois
statute which declared that "to all other persons [than the adoptive parents]
the adopted child shall stand related as if no such act of adoption had been
taken." *Held,* that such limited status of adoption bars her right to share
in the estate of the brother of her adoptive father, and no provision of state
or federal constitution is violated in a judgment to that effect.

Appeal from Barton district court; RAY H. BEALS, judge. Opinion filed
June 11, 1927. Affirmed.

*Nelson Miller,* of Le Mars, Iowa, for the appellant.
*R. C. Russell,* of Great Bend, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a decision of the district
court which sustained a ruling of the probate court denying the
claim of appellant, Mrs. Maria R. Fett, to a share in the estate of
the late John J. Riemann, of Barton county.

John died intestate, unmarried and without issue. His heirs are
several brothers and sisters, and nephews and nieces, children of his
deceased brothers and sisters. Mrs. Fett's claim was based on the
fact that she is the adopted daughter and sole heir of Henry J. Rie-
mann, a deceased brother of John.

The probate court rejected the appellant's claim, which ruling was
sustained by the district court in an opinion which tersely states the
facts and the reason therefor, thus:

"John J. Riemann died May 19, 1925, intestate; he had a brother named
Henry J. Riemann who died July 17, 1911. Marie R. Fett, the petitioner, was
adopted by Henry J. Riemann and wife in August, 1892, in Logan county, Illi-
nois; the said Henry J. Riemann, the brother of said John R. Riemann, de-
ceased, had no other children, either of his own or by adoption, and the pe-

Adoption of Children, 1 C. J. pp. 1398 n. 8, 1399 n. 11, 1401 n. 31, 1402 n. 45,
1403 n. 47; 1 R. C. L. 615, 618.

titioner, Maria R. Fett, claims she is entitled to a full share in the estate of John J. Riemann, deceased, that the said Henry J. Riemann would be entitled to had he been living at the date of the death of the said John J. Riemann. The facts have been agreed to, and the only question before the court is whether the petitioner inherits from the estate of John J. Riemann, deceased.

"A large number of cases have been cited by both parties in their briefs, but under the law as laid down in the case of *Boaz et al. v. Swinney et al.,* 79 Kan. p. 332, . . . the application of the petitioner must be denied."

Judgment was entered accordingly. Hence this appeal, which presents the usual assignment of errors, but the gist of appellant's contention is that our decision in *Boaz v. Swinney,* 79 Kan. 332, 99 Pac. 621, was wrong and should be overruled; and furthermore that certain provisions of our state constitution and of the federal constitution neither urged nor discussed in *Boaz v. Swinney,* but now invoked, compel a different decision from that reached in the former case.

Noting these propositions briefly the trouble with appellant's claim of right to inherit a share in John J. Riemann's estate lies in the limited status of adoption which was conferred upon her by the Illinois law. That pertinent statute, in part, reads:

"That any person desirous of adopting a child, so as to render it capable of inheriting his or her estate, may present a petition to the circuit or county court of his or her residence, setting forth the name, age and sex of such child; and if such person desires the name changed, stating the new name, also the name of the father, or, if he be dead, or has abandoned his family, the mother, and if she be dead, the guardian, if any, and the consent of such father or mother to the act of adoption. And if the child has no father or mother, then the consent of no person shall be necessary to said adoption. It shall be the duty of the court, upon being satisfied of the truth of the facts stated in the petition, and of the fact that such father, mother or guardian has notice of such application, and being further satisfied that such adoption will be to the interest of the child, to make an order declaring said child to be the adopted child of such person, and capable of inheriting his or her estate, and also what shall be the name of such child; and *thenceforward* the relation between such person and *the adopted child shall be,* as to their legal rights and liabilities, *the same as if the relation of parent and child existed between them,* except that the adopted father or mother shall never inherit from the child; *but to all other persons the adopted child shall stand related as if no such act of adoption had been taken."* (Public Laws, Illinois, 1867, pp. 133, 134.)

This limited status of adoption conferred upon children by Illinois law still persists, although the statute has been repeatedly amended, and the bar of disqualification to take property from the collateral kindred of the adoptive parents still rests on such children—not merely in the Illinois statute of descents and distributions (which we

had not examined) but as an integral part of the statute providing for the adoption of children. (1 Callaghan's Illinois Statutes Annotated, 480, 481.) Of course, our local law concerning the adoption of children is much more generous. The status of an adopted child in this state for every purpose is precisely the same as if it were begotten of the loins of its adoptive parents, and our proceedings in adoption confer upon such child every right of inheritance which a natural and legitimate child would enjoy. (R. S. 38-107; *Riley v. Day,* 88 Kan. 503, 129 Pac. 524; *Franklin v. Fairbanks,* 99 Kan. 271, 161 Pac. 617; *Denton v. Miller,* 110 Kan. 292, 203 Pac. 693.)

This divergence of attitude towards the adoption of children is age-old. It supplies the most pronounced distinction between the common-law and the civil-law systems of jurisprudence, and is a tempting theme for discussion but hardly one of present relevance. It must suffice to say that a majority of this court is satisfied with the conclusion reached in *Boaz v. Swinney,* supra, where it was held that the right of an adopted child to inherit depends upon the scope of that privilege conferred upon it by the law of the state in which the adoption proceedings were effected; and where the adoption statute (that of Illinois) specifically declared that as to collateral kindred "the child shall stand as if no act of adoption had been taken," such child cannot be accorded inheritable privileges at variance with the spirit and intent of such limited status of adoption. When Mrs. Fett came into the probate court of Barton county claiming an interest in John J. Riemann's estate, that court's pertinent inquiry in effect was, "Who are you?" The answer necessarily was, "The adopted child of Henry J. Riemann, deceased brother of this intestate." "And where and how were you adopted?" "In the state of Illinois pursuant to its law." "But by the express terms of that law and the adoption proceedings held thereunder you were to stand related to John J. Riemann as if no such act of adoption had been taken. You ask the court to disregard that limitation of your adoptive status and clothe you with privileges of inheritance never conferred on you."

Touching the constitutional questions now urged on our attention, it is suggested that the trial court's decision violates our bill of rights, section 17, which forbids the making of distinctions between Kansas citizens and those of other states relating to the inheritance of property. We think not. The trial court did not deny Mrs. Fett

the right of inheritance because she was a citizen of Illinois (or of Iowa, which is her present abode), but because of the limited status of adoption conferred upon her. If that adoption had been unqualified by the statute and proceedings, then, indeed, a denial of her claim to a share in the estate of John J. Riemann would raise a grave question under section 17 of the bill of rights of the Kansas constitution. As the matter stands, however, the decision of the trial court is not at variance with any feature of our bill of rights.

And substantially the same answer must be made to the point that the trial court's decision offends against the full faith and credit clause of the federal constitution (art. 4, § 1) and the equal protection guaranty of the 14th amendment. What appellant really wants is not that full faith and credit be accorded to the statute and judicial proceedings of Illinois under which she received her adoption status, but that a very potent feature of that statute and those proceedings should not be given such full faith and credit and should be ignored. She wants full faith and credit to be withheld from that feature of the Illinois statute and the adoption proceedings taken in her behalf which declare "that to all other persons (than her adoptive parents) the adopted child shall stand related as if no such act of adoption had been taken." The court discerns no constitutional principle of any sort which is violated by the judgment.

The judgment is affirmed.

HARVEY, HOPKINS and DAWSON, JJ., acquiesce in the judgment merely because of the futility of dissenting from a decision which adheres to the eighteen-year-old precedent of this court, *Boaz v. Swinney,* supra, although they would prefer to overrule that case and order judgment in accord with the spirit of our local law for the distribution of decedents' estates. A more critical consideration of the decision in *Keegan v. Geraghty et al.,* 101 Ill. 26, cited and invoked in *Boaz v. Swinney,* if at all persuasive, should have led this court to a contrary decision. There the Illinois court disregarded the generous scope of the adoption law and adoption proceedings of Wisconsin and limited the adopted child's rights of inheritance in Illinois to those narrowly conferred by Illinois law.