## No. 15,041.

ESTATE OF WARR.
ROGERS *v.* GREEN ET AL.
(137 P. [2d] 408)

Decided May 3, 1943.

Mr. ALBERT J. GOULD, for plaintiff in error.

Messrs. GRANT, SHAFROTH & TOLL, Mr. CHARLES H. HAINES, JR., for defendants in error.

*In Department.*

MR. JUSTICE GOUDY delivered the opinion of the court.

ISABEL WARR, a resident of the City and County of Denver, died intestate March 21, 1941. Defendants in

.error are cousins of deceased, and will be designated as such in this opinion. Plaintiff in error, to whom we hereinafter refer as the adoptee, was legally adopted in Illinois in 1916 by Will Warr, a predeceased brother of decedent, who, had he survived her, would have been her sole and only heir at law. On petition filed in the county court for determination of heirship, the cousins were adjudged heirs at law of decedent, and the adoptee, being denied the right to inherit, brings the case here for review on writ of error. The sole issue is the right of the adoptee to inherit through her adopting parent as against kindred by blood.

Concerning the adoption of children, Laws of Colorado, 1876, page 38, pertinent here, in substance, provided:

"Section 1. If any person * * * desire to adopt any child, * * * as his, or her heir, it shall be lawful for such person to do the same by deed, * * *.

* * *

"Sec. 3. From the time of filing the deed * * *, the child * * * adopted shall have the same right * * * in all respects, and enjoy all such other rights and privileges, including the rights of inheritance, as against the persons executing the deed of adoption, as a child by law has against lawful parents."

Subsequent amendments, pertinent here, are Session Laws of 1885, p. 17, div. 1, §1; Revised Statutes, 1908, p. 289, §526, which, inter alia, provided:

"Sec. 1. An inhabitant of this state not married, or a husband and wife, jointly, may petition the district or county court * * * for leave to adopt a minor child, not theirs by birth, and for a change of the name of such child, * * *."

Session Laws of 1911, c. 1, Compiled Laws of 1921, §5512, inter alia, provided:

"Section 2. * * * Any inhabitant of Colorado, not married or a husband and wife jointly may petition the District or County Court * * * for leave to adopt a

minor child or an adult heir at law, not theirs by birth and for a change of the name of such child or heir at law, * * *.

"That upon petition of any person desiring to adopt an adult heir at law, * * * a decree of adoption shall be * * * entered * * * declaring such person the heir at law of the petitioner * * * and entitled to inherit from the petitioner * * * any or all property in all respects as if it had been petitioner's child born in holy wedlock, * * *."

Section 5512, Compiled Laws, 1921, supra, was amended by Session Laws, 1931, p. 150, c. 51, which, inter alia, provided:

"Section 1. Any inhabitant of Colorado, not married, or a husband and wife jointly, may petition the Juvenile Court, * * *, or * * * the District or County Court, * * * for leave to adopt a minor child, not his or theirs by birth, and for a change of the name of such child, * * *.

* * *

"Section 6. Any person or persons desiring to adopt an adult heir at law shall file his or their petition therefor with the County or District Court * * *. Upon the filing of a consent to such adoption, * * * a decree of adoption shall be * * * entered by the court declaring such person the heir at law of the petitioner * * * and entitled to inherit from the petitioner * * * any or all property in all respects as if such adopted person had been the petitioner's child born in lawful wedlock, * * *."

Session Laws, 1885, p. 18, §3; R.S., 1908, p. 289, §528; Compiled Laws, 1921, p. 487, §5514, c. 130; S.L. 1931, p. 152, §4, c. 51; '35 C.S.A., p. 31, §4, c. 4, all, inter alia, provide: "When the foregoing provisions are complied with, * * * the court * * * shall make a decree * * * declaring that from that date such child, to all legal intents and purposes, is the child of the petitioner, * * *."

Session Laws, 1885, p. 18, §4; R.S., 1908, p. 290, §529;

Compiled Laws, 1921, p. 1487, §5515, c. 120, inter alia, provided: "The natural parents shall, by such order, be divested of all legal rights and obligations in respect to the child * * *; such child shall be to all intents and purposes the child and legal heir of the person so adopting him or her, entitled to all the rights and privileges, * * * of a child of such person begotten in lawful wedlock; but upon the decease of such person and the subsequent decease of such adopted child without issue, the property of such adopting parent shall descend to his or her next of kin, and not to the next of kin of such adopted child."

This section was amended by S.L., 1927, p. 183, §1, c. 59; S.L., 1931, p. 152, §5, c. 51; '35 C.S.A., vol. 2, p. 32, c. 4, §5, both of which provided: "The natural parents shall by such order, be divested of all legal rights and obligations in respect to the child * * *; such child shall be to all intents and purposes the child and legal heir of the person so adopting him or her, entitled to all the rights and privileges * * * of a child of such person begotten in lawful wedlock; upon the death of an adopted child who is survived by neither spouse nor descendant, all of his property which is not otherwise disposed of by will shall descend to the family of which he is a member by adoption, as if he had been born a member of such family, and neither his natural parents nor any other member of his natural family shall be entitled to any rights by virtue of any of the intestate laws of this state."

Session Laws, 1903, p. 469, §1, and p. 471, §3; R.S., 1908, §§7040, 7042; Compiled Laws, 1921, §§5151, 5154; '35 C.S.A., §§1, 4, c. 176, provide:

"Whenever any person having * * * property * * * shall die intestate * * * it shall descend * * * to his kindred, male and female * * *.

* * *

"Section 3. * * * Legally adopted children shall be, to all intents and purposes, children and legal heirs of

the persons so adopting them, entitled to inherit as fully as children of the foster parents begotten in lawful wedlock, and in case any such adopted child shall die leaving no husband, wife or children, then the foster parents shall inherit as though such adopted child had been a child of such foster parents born in lawful wedlock."

This section was amended by Session Laws, 1941, p. 908, c. 235, §16, which provides: "Section 4. * * * Legally adopted children and their descendants shall be, to all intents and purposes, descendants of the persons adopting such children and such adopted children and their descendants shall be entitled to inherit under the intestate laws of this state as if such adopted children had been born in lawful wedlock to such foster parents, * * *."

█ The right of the adoptee to inherit is to be determined by the law in force March 21, 1941, the date of the death of Isabel Warr. 2 C.J.S., p. 454, §63; *Brooks Bank & Trust Co. v. Rorabacher,* 118 Conn. 202, 171 Atl. 655. The act of 1941 was approved April 17, 1941. It therefore did not affect the rights of the adoptee, and will not be considered further.

█ The cousins contend that the rights of the adoptee should be determined by the law of Illinois in effect in 1916, the year of the adoption in that state, but as a consideration of that question is not necessary for our decision here, it will not be passed upon. In 1915 we determined the relation created by adoption in *Russell v. Jordan,* 58 Colo. 445, 147 Pac. 693, and held that it "is regarded as personal between the adopting parent and adopted child." There are divergent lines of authorities in this country, one holding that inheritance follows the blood, and that an adopted child inherits only from the adopting parent and not through it; the other, that an adopted child inherits as fully as a child of the blood. The former is the doctrine of the Ohio and other cases cited by us in *Russell v. Jordan, supra,* namely: *Upson v. Noble,* 35 Ohio St. 655; *Phillips v. McConica,* 59 Ohio

St. 1, 51 N.E. 445; *Helms v. Elliott,* 89 Tenn. 446, 14 S.W. 930, 10 L.R.A. 535; *Hockaday v. Lynn,* 200 Mo. 456, 98 S.W. 585; *Boaz v. Swinney,* 79 Kan. 332, 99 Pac. 621; *Hole v. Robbins,* 53 Wis. 514, 10 N.W. 617; *Van Derlyn v. Mack,* 137 Mich. 146, 100 N.W. 278, 66 L.R.A. 437, 109 Am. St. Rep. 669, 4 Ann. Cas. 879.

Among cases taking a contrary view are: *Humphries v. Davis,* 100 Ind. 274, 50 Am. Rep. 788; *Hilpire v. Claude,* 109 Ia. 159, 80 N.W. 332, 46 L.R.A. 171, 77 Am. St. Rep. 524; *Calhoun v. Bryant,* 28 S.D. 266, 133 N.W. 266; *In re Taylor's Estate,* 136 Neb. 227, 285 N.W. 538; *McCune v. Oldham,* 213 Ia. 1221, 240 N.W. 678; *In re Moore's Estate,* 7 Cal. App. (2d) 722, 47 P. (2d) 533; *Warner v. King,* 267 Ill. 82, 107 N.E. 837; *In re Cave's Estate,* 326 Pa. 358, 192 Atl. 460; *In re Cook's Estate,* 187 N.Y. 253, 79 N.E. 991; *Carpenter v. Buffalo General Electric Co.,* 213 N.Y. 101, 106 N.E. 1026.

The first adoptive statute enacted in this state in 1876 provided for adoption by deed. The act of 1885 provided for the adoption of minors upon petition to a court of record. In 1911, section 1 of that act was amended to include adult heirs. In 1927 the descent of property from the adoptee was changed, but no change was made in the rights of inheritance of the adoptee. In 1931 the provisions for the adoption of minor children and adult heirs at law were placed in separate paragraphs; otherwise, the laws of 1885 and 1927 were reenacted.

The gist of the argument of counsel for the adoptee is that because section 4, chapter 152, Session Laws, 1931, supra, amending section 5512, Compiled Laws, 1921, supra, contains the following language: "The court * * * shall make a decree * * * declaring that from that date such child, to all legal intents and purposes, is the child of the petitioner," and section 5 provides: "Such child shall be to all intents and purposes the child and legal heir of the person so adopting him or her, entitled to all the rights * * * of a child of such person begotten in lawful wedlock * * *," and the provisions

for the procedure in the adoption of minors and adults were set up in separate paragraphs, that the legislature in 1931 intended that the adopted child should have the same rights of inheritance as a child of the blood, and is entitled to inherit not only from the adopting parent but through it. Unfortunately for this argument, the pertinent parts of sections 4 and 5, in identical words, were contained in the statutes before the court for consideration in *Russell v. Jordan, supra.* We, by that opinion, determined the line of authorities that Colorado should follow, and the doctrine concerning the inheritance rights of adopted children which should be in force in this state. No subsequent legislature has changed these parts of the statutes.

It also is argued that because the inheritance rights of the family of the adopting parent from the adopted child have been broadened, that it necessarily follows that the rights of the adopted child to inherit through the adopting parents also must have been expanded. If the legislature had this in mind, then it should have so expressed itself, and, having failed to do so, we cannot, by judicial construction, say that this was intended and must follow by implication.

The common law never recognized adoption, and both in England and America it is an institution created entirely by statute. 2 C.J.S., p. 370, §2. It follows, from the personal nature of the adoption, that rights of third parties, including the inheritance right of remote kin of the adopting parent, should not be affected thereby without the clearest mandate from the statute. *Hockaday v. Lynn, supra.* In the case of *Russell v. Jordan, supra,* in which we had under consideration sections 526, 529 and 7042, Revised Statutes, 1908, the character of adoptions in Colorado was examined, the history of the adoptive statute studied, and it was held that the adoption process is personal to the immediate parties. In *Wilson v. Wilson,* 95 Colo. 159, 33 P. (2d) 969, decided in 1934, after the act of 1931, upon which the

adoptee relies, was passed, we held: "Natural inheritable interests follow the blood and the law of adoption does not change the law of descent." In this case we had before us for consideration sections 5151 to 5161, Compiled Laws, 1921, and referred particularly to sections 5151 and 5154. The idea of blood relationship always has been fundamental in the law of descent and distribution. 16 Am. Jur., p. 825, §54. From time immemorial it has been held by English-speaking peoples that the property of intestate deceased persons should descend to kindred of the blood. *In re Bradley's Estate,* 185 Wis. 393, 201 N.W. 973; *Webb v. Jackson,* 6 Colo. App. 211, 40 Pac. 467.

The law of 1931 did not contain language altering any prior existing law. There is no change in the statutes which adds to the rights of inheritance of an adopted child, between the decision in *Russell v. Jordan, supra,* and the date of the decease of Isabel Warr. The act of 1885, construed in that case, is substantially the present law, the pertinent parts thereof, mentioned herein, having been reenacted by the act of 1931. In addition, the act of 1903 (R. S., 1908, §§7040 and 7042; C. L., 1921, §§5151 and 5154; '35 C.S.A., §§1 and 4, c. 176) was in effect when *Russell v. Jordan, supra,* and *Wilson v. Wilson, supra,* were decided. These cases determined the pertinent law in this jurisdiction, and we find nothing in the act of 1931 which justifies a departure from the doctrine therein set forth.

The judgment is affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE KNOUS and MR. JUSTICE HILLIARD concur.