No. 15,104.

COFFMAN v. HOWELL ET AL.

(141 P. [2d] 1017)

Decided September 20, 1943.

Mr. DAYTON DENIOUS, Mr. KENNETH JEPSON, Mr. CHARLES NICOLA, for plaintiff in error.

Mr. GEORGE H. LERG, Mr. OVAL A. PHIPPS, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Marjorie, defendant in error as Gilbert, and his deceased brother as Walter.

The question presented is the right of an adopted child, under the law as it stood in this jurisdiction in May, 1940, to inherit as heir to a natural child, a foster brother.

Troy Howell and his wife had two natural sons, Walter and Gilbert, almost grown, when they adopted an infant girl, Marjorie. In 1938 and 1939 the parents died. At that time the brothers were married, each with a family. The wife and child of Walter having passed away, he died intestate in May, 1940, and Gilbert was appointed administrator. Marjorie, claiming equal rights with Gilbert, filed her petition for determination

of heirship. A stipulation of facts followed and decree was entered for Gilbert. To review that judgment Marjorie prosecutes this writ. The sole question presented by the record is that noted above.

It is conceded that there is a notable conflict in the authorities; that under the Colorado law as it stood from 1885 to 1927, this judgment would have been affirmed; and that under the act of 1941 it would have to be reversed. R. S. 1908, §§526, 529, 7042; *Russell v. Jordan,* 58 Colo. 445, 147 Pac. 693; S. L. '41, p. 908, c. 235, §16.

It is, however, conceded that, if applicable, the controlling statute here is that of 1931. S. L. '31, p. 152, c. 51, §5 ('35 C.S.A., c. 4, §5).

█ Counsel for Marjorie say, however, that were the law of 1885 unchanged, and the Russell case now presented as one of first impression, they would be justified in urging, and this court in rendering, a contrary decision. We are not impressed. Stare decisis may have received some rather severe buffets from the courts in the past decade but reversal of a statutory construction which becomes a rule of property and stands unaltered for almost thirty years presents a problem for legislative, not judicial, consideration.

█ The statutes in effect in 1915, when the Russell case was decided, provided that a decree of adoption should declare the adopted child entitled to inherit from petitioners "as if it had been petitioner's child born in holy wedlock." S. L. '11, c. 1, §2. Further, that on the death of adopter and adopted, "the property of such adopting parent shall descend to his or her next of kin, and not to the next of kin of such adopted child." R. S. 1908, §529. Also, that if the adopted child died without husband, wife or child, "the foster parents shall inherit." R.S. '08, §7042.

*Russell v. Jordan, supra,* followed *Upson v. Noble,* 35 Ohio St. 655, which construed an Ohio statute identical with that of Colorado. Both held the statute en-

abled an adopted child to inherit *from* the adopter but not *through* him. "The provision does not apply to the heirs of the adopting parent, and in such case the general law of descent applies."

The law then stood exactly as though the interpretation given by Ohio and Colorado had been the positive and unequivocal reading of the statute. Hence, since the entire subject is one of legislative discretion, it is clear that Marjorie has no standing here unless given such by some Colorado statute abrogating those above cited. Her counsel say our act of 1931 does this, and upon it they take their stand. '35 C. S. A., c. 4, §5 (S. L. '27, c. 59), S. L. '31, p. 152, c. 51, §5. If they are correct, the amendment must, of course, be positive and unequivocal. No strained construction can be resorted to and no repeal by implication sanctioned. However, a casual reading of the act of 1927, re-enacted verbatim in 1931, discloses that it does not touch the issue here. It simply provides who shall inherit *from the adopted child,* i. e. "the family of which he is a member by adoption, as if he had been born a member of such family." It contains no phrase and no word which can properly be construed as a declaration that the adopted child shall inherit *from* anyone save his adopting parents, thus leaving the law of the Russell case untouched. The contrary argument is that if the family inherits from the child, it must necessarily follow that the child inherits from the family. That argument, based upon a non sequitur, is essentially fallacious. *Rogers v. Green,* 111 Colo. 85, 137 P. (2d) 408.

The judgment is affirmed.