In the Matter of the ESTATE OF Frank L. BOMARETO, Deceased.

Linda ROHMEYER, Claimant–Appellant,

v.

John J. BOMARETO, Personal Representative–Appellee.

No. 85CA0398.

Colorado Court of Appeals, Div. II.

June 9, 1988.

Linda J. Whitaker, Denver, for claimant-appellant.

Henderson and Streelman, Jack D. Henderson, Denver, for personal representative-appellee.

NEY, Judge.

Claimant, Linda Rohmeyer, appeals the trial court's orders dismissing her claim of heirship and denying her motions to remove the personal representative and to set aside the transfer of certain property originally in the estate of her natural father, Frank L. Bomareto (decedent). We reverse.

Rohmeyer was born in 1947 as issue of the marriage of her mother and decedent. A few years later, Rohmeyer's parents divorced. In 1960, her stepfather adopted her. The decedent was not notified of the adoption, but Rohmeyer signed a formal consent to it.

Decedent died intestate on February 4, 1982. His estate consisted of some personal property, and stock in a closely held corporation. The decedent's brother, John J. Bomareto, applied for and was appointed personal representative. He listed himself and five other siblings of the decedent as heirs. He advised Rohmeyer by letter stating that she was a possible heir, but did not give her notice of the probate proceedings.

Some time after the personal representative's appointment, the stock was sold to the corporation. After payment of the estate's expenses, no assets remained to distribute to the heirs. One of the named heirs, Alex Bomareto, filed a motion to remove the personal representative and to set aside the sale of the stock to the corporation. The court denied Alex Bomareto's motion.

Thereafter, Alex Bomareto notified Rohmeyer of the estate proceedings. She then filed motions for a formal adjudication of intestacy, a determination of heirship, setting aside of the stock transfer, removal of the personal representative, and requested that the court find the personal representative in breach of his fiduciary duty. Rohmeyer also filed a motion in the district court where her adoption had taken place, asking that court to vacate the adoption decree for lack of notice to her natural father. The court declared the adoption void.

The probate court determined that the adoption erased all claims Rohmeyer had in

the estate. Also, since the order voiding the adoption decree was not entered until after decedent's death, the probate court ruled that this order did not reinstate her as the heir of her natural father. The court then denied her other motions.

I

Rohmeyer contends that she is her natural father's legal heir even if the adoption decree was valid at the time of his death. We agree.

■ The right of an adopted child to inherit is determined by the law in effect at the time of decedent's death. *Rogers v. Green*, 111 Colo. 85, 137 P.2d 408 (1943). Decedent died in 1982. Section 15–11–109, C.R.S. was then in effect and provided that an adopted person was the child of the adopted person's natural parents for purposes of intestate succession, *except to the extent* that inheritance rights had been divested by a final decree of adoption under § 19–4–113(2), C.R.S.

Here, unlike *Estate of David*, (Colo.App. No. 86CA1350, June 9, 1988), Rohmeyer's adoption decree incorporated the language of C.R.S. 1953, 4–1–11, then in effect, which is substantially the same as that of § 19–4–113(2). The decree stated that:

"[T]he natural father ... be and are [sic] hereby divested of all legal rights and obligations in respect to said child and said child shall be free from all legal obligations of obedience and maintenance in respect to said natural father...."

The dispositive question is, therefore, whether this language divested Rohmeyer of her right to inherit from her natural father. We conclude that it did not.

Prior to 1961, when the intestate succession statute was amended to cut off an adopted child's right to inherit from his natural parents, our appellate courts interpreted the language of C.R.S. 1953, 4–1–11, and its predecessors to allow an adopted child to inherit from his natural parents. *See Quintrall v. Goldsmith*, 134 Colo. 410, 306 P.2d 246 (1957); *Wilson v. Wilson*, 95 Colo. 159, 33 P.2d 969 (1934).

This statute, incorporated into the decree, terminated only the child's obligations to her natural parents, not her rights. The decree divested the natural father of his rights and obligations with respect to the child. However, heirship is not a parental obligation; it is a legal right which accrues automatically to the child upon the decedent's death. *See Quintrall v. Goldsmith, supra.* Therefore, Rohmeyer is the decedent's heir, regardless of the validity of her adoption.

II

■ The trial court denied Rohmeyer's motions on the basis that it had previously denied the same requests made by Alex Bomareto. Rohmeyer contends this was error, and we agree.

Since Rohmeyer is the sole heir, she is in a better position than Alex Bomareto to request the personal representative's removal. She has statutory priority to be appointed personal representative. *See* § 15–12–203, C.R.S. (1987 Repl. Vol. 6B). Therefore, she is not bound by the prior rulings of the court made when she was not a party to the case nor in privity with Alex Bomareto. *See Fidelity & Deposit Co. v. Continental Casualty Co.*, 118 Colo. 97, 193 P.2d 266 (1948); *Verzuh v. Rouse*, 660 P.2d 1301 (Colo.App.1982).

The trial court's orders are reversed and the cause is remanded with directions to enter an order declaring Rohmeyer to be the sole heir, and to reconsider her motions to remove the personal representative, to set aside the stock transfer, and to find the personal representative in breach of his fiduciary duties.

SMITH and VAN CISE, JJ., concur.