**In re the ESTATE OF Robert W. DAVID (Deceased).**

**Lillian SNELSON, Appellee,**

v.

**Alan W. BLIXT and Gerald R. Blixt, Appellants.**

**No. 86CA1350.**

Colorado Court of Appeals, Div. III.

June 9, 1988.

Rehearing Denied June 30, 1988.

Certiorari Granted (Blixt) Oct. 11, 1988.

Hurth, Yeager & Sisk, Fred Y. Boyer, Boulder, for appellee.

Harold L. Davison, P.C., Harold L. Davison, Aurora, for appellants.

STERNBERG, Judge.

Alan and Gerald Blixt (the Blixts) appeal an order of the probate court which held that they were not heirs of Robert David (decedent), and in which the court appointed Lillian Snelson (Snelson), sister of the deceased, as the sole personal representative of the estate. We affirm.

Robert David died intestate on April 12, 1986, in Adams County, Colorado. He left no surviving spouse. The Blixts are the natural sons of decedent, and were adopted by James Blixt in a step-parent adoption in 1961.

Snelson is the sister of the decedent. After his death, she filed a petition for adjudication of intestacy, for adjudication of the lawful heirs, and for appointment as personal representative of the estate. The other siblings and children of a deceased sibling of the decedent also requested that Snelson be appointed personal representative of the estate. However, Alan Blixt objected to the appointment of Snelson and requested that he be designated personal representative and, further, that he and his brother be declared heirs.

Ultimately, the probate court ruled that the Blixts were not heirs of the decedent and appointed Snelson as the sole personal representative of the estate. This appeal followed. We agree with the trial court's conclusion that the adoption of the Blixts by their step-parent terminated their right to inherit from their natural father.

■ The laws of intestate succession existing on the date of death determine the

heirs of an estate. *Rogers v. Green*, 111 Colo. 85, 137 P.2d 408 (1943). On the date of decedent's death, § 15–11–109(1)(a), C.R.S. (1987 Repl.Vol. 6B) of the Probate Code provided in pertinent part:

"If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person:

(a) An adopted person is the child of an adopting parent and of the adopted person's natural parents insofar as the rights of all persons to inherit from or through any person are concerned, *except to the extent that inheritance rights have been divested by ... a final decree of adoption....*" (emphasis added)

Thus, we must determine whether the Blixts' "inheritance rights have been divested by the adoption decree."

■■■ Here, as in *In re Estate of Bomareto*, 757 P.2d 1135 (Colo.App.1988), the decree itself does not specifically divest such rights. However, unlike the situation in *Bomareto, supra,* the statute in effect when the Blixts' adoption decree was entered, Colo.Sess.Law 1961, ch. 275, § 152–2–4(2) at 863 provided that: "Legally adopted children shall not inherit property from or through their natural parents." Hence, the question becomes do we look only to the language in the adoption decree or do we consider in addition the statute in effect when the decree was entered.

If we read only the decree, the Blixts would not be divested of their inheritance rights; but, if we include the 1961 statute in our consideration they would be precluded from inheriting from their natural father. We conclude that the language of § 15–11–109(1)(a) emphasized above, requires us to look to both the decree and the 1961 statute.

To look only to the language contained in the adoption decree would require us to rewrite the emphasized portion in § 15–11–109(1)(a) quoted above. The word "by" in the phrase "except to the extent that inheritance rights have been divested *by* a final decree of adoption" would have to be changed to read "*in* a final decree of adoption" to reach the result urged by the Blixts. To do this would constitute judicial legislation. This we may not do. *See Lassner v. Civil Service Commission*, 177 Colo. 257, 493 P.2d 1087 (1972).

Consequently, we hold that the rights of the Blixts to inherit from their natural father "have been divested by [the] final decree of adoption." Because their right to inherit by intestate succession was divested by operation of law, the Blixts are neither heirs entitled to a share of this estate, nor are they entitled to serve as personal representative.

Order affirmed.

METZGER, J., concurs.

HUME, J., dissents.

HUME, Judge, dissenting.

I respectfully dissent.

The majority recognizes that the laws of intestate succession existing on the date of a decedent's death determine the heirs of his estate. *Robert v. Green*, 111 Colo. 85, 137 P.2d 408 (1943). No one can be an heir of a living person. Before a decedent's death an expectant heir has no vested interest in property he may subsequently inherit. His prospective interest is a mere expectancy, possibility, hope or anticipation. *Quintrall v. Goldsmith*, 134 Colo. 410, 306 P.2d 246 (1957).

In this case, the statute in effect at the date of decedent's death provided that an adopted child has the right to inherit from or through his natural parent, "except to the extent that inheritance rights have been divested by ... *a final decree of adoption....*" Section 15–11–109(1), C.R.S. (1987 Repl.Vol. 6B) (emphasis added).

The majority concedes that the decrees of adoption in this case contain no language purporting to divest the Blixts' rights of inheritance. Nor do those decrees purport to incorporate by reference the predecessor statute upon which the majority relies.

Nevertheless, the majority concludes that the statute defining rights of inheritance at the time the adoption decrees entered operates to divest the Blixts of rights to which they are entitled under the

present laws of intestacy which it concedes should be applied.

The language of § 15–11–109(1) is clear and unequivocal, and it leaves nothing for the court to interpret. *See Lassner v. Civil Service Commission,* 177 Colo. 257, 493 P.2d 1087 (1972). By enacting that statute, the General Assembly clearly intended to adopt a change of policy from that which had previously existed. Had it intended that rights of inheritance be determined *according to the law in effect at the date the adoption decrees entered,* the General Assembly could have so stated.

Courts should not interpret a statute to mean that which it does not express. *Rancho Colorado, Inc. v. City of Broomfield,* 196 Colo. 444, 586 P.2d 659 (1978). Here, no social injustice or absurd consequences will flow from a literal interpretation of the unambiguous language of the statute. Accordingly, I can find no reason to second-guess the General Assembly in its policy-making function. *See People v. Silvola,* 190 Colo. 363, 547 P.2d 1283 (1976).

I would reverse and remand with instructions that the trial court determine that the Blixts were heirs of Robert W. David on April 12, 1986.