## WAGNER v. VARNER.

1. **Heir:** ADOPTED CHILD. Where a father adopted two children of his daughter, and afterward died, leaving no will, it was *held* that the children so adopted would inherit from him as his own children, and would also inherit the share of their deceased mother.

*Appeal from Van Buren Circuit Court.*

TUESDAY, APRIL 22.

MAHALA BOYER, daughter of John Bumer, died in 1864, leaving two children, who are the wards of the plaintiff, sur-

viving her. In the same year—but whether before or after the death of said Mahala does not appear—John Bumer adopted said children, as provided by law, and in 1876 died without having made a will. Said Bumer left several other children surviving him. The plaintiff claims that his wards are entitled to inherit a share of the estate of said Bumer, as his children by adoption, and also the share their mother would have been entitled to had she outlived him. The Circuit Court held that said children could only inherit by reason of their adoption, and rejected the other claim. The plaintiff appeals.

*G. W. Ringer* and *Work & Brown*, for appellant.

*Lea & Beaman*, for appellee.

SEEVERS, J.—It is provided by statute that the "consent of both parents, if living, and not divorced or separated, and if divorced or separated, or if unmarried, the con-

1. HEIR: adopted child.

sent of the parent lawfully having the care and providing for the wants of the child; or if either parent is dead then the consent of the survivor; or if both parents be dead, or the child shall have been and remains abandoned by them," the consent of certain named officers, is necessary before the child can be legally adopted. Code, § 2308.

When thus adopted "the rights, duties and relations between the parent and child by adoption shall, thereafter, in all respects, including the right of inheritance, be the same that exist by law between parent and child by lawful birth." Code, § 2310.

In the absence of a will the estate descends in equal shares to the children of the deceased. Code, § 2453. If one of the children of the deceased "be dead, the heirs of such child shall inherit his share * * * in the same manner as though such child had outlived his parents." Code, § 2454.

Under section 2310 the wards of the plaintiff inherit as the children by adoption of John Bumer, and if Mahala Boyer

had outlived him she would have inherited as the natural child of said Bumer, under section 2453; and section 2454 expressly provides that her childen shall inherit in the same manner as though she had outlived her father.

There is no escape from this conclusion unless it can be said that the child by the adoption is disinherited by its natural parent.

Because of the adoption the child acquires certain additional rights, but there is nothing in the act of adoption which in and of itself takes away other existing rights, or such as may subsequently accrue, except as is by statute provided.

The argument that these children cannot inherit through their mother leads to this result. Suppose their father after her death consented to their adoption, they could not inherit through their mother or from their father, or through him from a remote ancestor.

By the act of adoption these children became in a legal sense the children of John Bumer. Nevertheless they are the children of their natural parents, and the act of adoption does not deprive them of the statutory right of inheriting from their natural parents, unless there is a statute which in terms so provides. Not only is there no such statute, but we think the contrary is expressly provided.

If, therefore, a child is adopted by a stranger it will inherit from its natural parents, in the absence of a will, because section 2453 of the Code in express terms so provides.

So far we have gone on the supposition that the parents have consented to the adoption. But, as we have seen, such consent in certain contingencies may be given by other persons. Can it be that in such case the child is disinherited by the natural parent without the consent of the latter, in view of the foregoing statutory provisions?

It is said that a child has no natural right to the estate of a deceased parent. Such thought, however, has but little significance in this connection, for the reason that the statutory right is perfect and ample. Nor is the argument that

these two children inherit from two sources, and thus get more than their proper share, entitled to much weight. The reply would seem to be pertinent here that heirship is not a natural but a statutory right, arbitrary and general, and, therefore, exceptional cases of apparent hardship or inequality must occasionally occur.

When these children were adopted by John Bumer the effect was to increase, in a legal sense, the number of his children and heirs, and if he died without a will the shares of his natural children were thereby decreased. This was the only effect of the act so far as the right of inheritance was concerned. The rights of his natural children, including Mahala Boyer, in all other respects remained just as they were before. The result is that the judgment of the Circuit Court must be

REVERSED.