No. 12,472.

HUGHES *v.* JONES.
(3 P. [2d] 1074)

Decided October 5, 1931.

Mr. SAMUEL H. KINSLEY, Mr. H. T. McGARRY, for plaintiff in error.

Messrs. STRACHAN & HORN, Mr. I. A. ANDERSON, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN this action by George E. Hughes against William C. Jones, plaintiff in his complaint seeks to recover possession of the ground floor and store room of his certain

premises situate in Colorado Springs, together with damages resulting from the wrongful detention and use thereof by the defendant. Upon the issues joined by answer and replication trial was to the court without a jury, resulting in findings of fact for the defendant followed by dismissal of the action.

The salient and controlling facts are that Thomas Hughes, now deceased, father of the plaintiff, was the owner of the premises in dispute, and in his lifetime gave a written lease thereof to Joe Pallas. The lease ran from April 1, 1924, to April 1, 1929, at a monthly rental of $250. It contained an option or privilege to the lessee to occupy the premises for a further period of four years from April 1, 1929, at the monthly rental of $275. There is a covenant in the written lease against underletting the premises or assignment of the lease by Pallas without the written consent of the lessor. At the time of the institution of this action Thomas Hughes was not living and plaintiff George E. Hughes has succeeded to all the rights of Thomas Hughes in the premises.

The answer of the defendant contains two defenses: The first, in substance, is the denial of the allegations of the complaint as to the unlawful detention; the second defense is that immediately after the lease was executed the lessee, Pallas, assigned the same to the defendant Jones with the consent and approval of the then living lessor, Thomas Hughes; and plaintiff, the son George, after the death of his father, also consented to, and approved of, the assignment. The defendant, ever since such assignment, has continuously remained in possession, claiming the right to do so as the grantee of the rights of Pallas. The answer further alleges that the defendant duly and seasonably notified the plaintiff, in writing, that he had elected to exercise the option and privilege of occupying the premises for a period of four years from and after April 1, 1929, for the rental price designated in the lease, and tendered to the plaintiff the sum of $275 per month, the stipulated rent for the prem-

ises for the month of April, 1929, which tender was refused, and the defendant stands ready, and ever since the first day of April, 1929, has been ready and willing and able to pay the stipulated rent, but the plaintiff refuses to accept it.

There was a further allegation in the answer, which raises the important question in the case, that the right of this defendant to the possession of the leased premises was in issue in cause No. 15,623 in the district court of El Paso county, entitled: "George E. Hughes, as Administrator of the Estate of Thomas Hughes, deceased, plaintiff vs. Joe Pallas and W. C. Jones, defendants," and in that case the issue was tendered, and it was determined that the defendant Jones was entitled to the possession of the leased premises and thereafter the judgment was affirmed by our Supreme Court in 84 Colo. 14, 267 Pac. 608.

The plaintiff filed a replication to the answer, the third, fourth and fifth paragraphs of which were, on motion of the defendant, stricken on the ground that they were incompetent, immaterial and irrelevant. The third paragraph alleges that the lease provided: "And it is further agreed by said party of the second part, that neither he nor his successors or assigns, will underlet said premises, or any part thereof, or assign this lease, without the written consent of the lessor first had and obtained." The fourth paragraph reads: "That at no time during the life of the said Thomas Hughes, and at no time during the term of said lease or thereafter, did the said Thomas Hughes or this plaintiff consent in writing to the underletting of the premises described in plaintiff's Complaint, or any part thereof, or to the assignment of said lease to said defendant or any other person whomsoever." The fifth paragraph reads: "Plaintiff further alleges that the option and privilege of occupying said premises for a term of four years from the first day of April, 1929, was personal to the party of the second part in said lease mentioned, to-wit: Joe Pallas; that at no

458

time hitherto did the said Thomas Hughes or the plaintiff consent in writing or otherwise, or permit or authorize the said Joe Pallas to transfer or assign said option or privilege to defendant or to any other person whomsoever; that the said Joe Pallas did not elect to exercise said option prior to the first day of April, 1929, or any time since.''

The court granted the defendant's motion, over plaintiff's objection, and struck from the replication these three paragraphs. After this motion was granted the defendant filed a motion for judgment on the pleadings upon the ground that the allegations contained in the complaint, together with the admissions in the replication, are such that no other judgment would be warranted regardless of the proof submitted. And thereupon the court entered judgment against the plaintiff and in favor of the defendant. Plaintiff is here with his writ of error for review of the judgment against him.

He assigns, and relies for reversal upon, the three following assignments of error: (1) In sustaining defendant's motion to strike paragraphs 3, 4 and 5 of the replication; (2) in sustaining the motion for judgment on the pleadings; (3) the judgment is contrary to the law.

Plaintiff by his counsel says that the matters and things set forth in these three paragraphs of the replication constitute a sufficient reply to the affirmative matters in defendant's answer and are, therefore, material and competent under the issues, and it was error for the court to strike the same upon the ground which the defendant insists upon. If the ruling of the court striking these three paragraphs is correct, the court did not err in sustaining the motion of defendant for judgment upon the pleadings, for there was nothing left in the pleadings to warrant a judgment for the plaintiff in any view that might be taken of the case.

In the argument of counsel for the lessee Jones, it is stated that the authorities, as a general rule, are that a court of record will not take judicial notice of any of

its records, except the one in the proceeding before it, but they maintain that such a court has cognizance of its own former records and opinions, and may properly examine them in order to determine what matters were considered and upon what ground the judgment was entered, citing in support thereof 15 R. C. L., p. 1112, §§43, 44, et seq.; *Thompson v. Maxwell Land-Grant Co.,* 168 U. S. 451, 18 Sup. Ct. 121; and *de Bearn v. Safe Deposit & T. Co.,* 233 U. S. 24, 34 Sup. Ct. 584, and other cases presently to be mentioned. In the de Bearn case, supra, at page 32, the Supreme Court of the United States said that it takes judicial notice of its own records, and, "if not *res judicata,* we may, on the principle of *stare decisis,* rightfully examine and consider the decision in the former case as affecting the consideration of this." In *Dimmick v. Tompkins,* 194 U. S. 540, 548, 24 Sup. Ct. 780, it was said: "In a case like this the court has the right to examine its own records and take judicial notice thereof in regard to proceedings formerly had therein by one of the parties to the proceedings now before it." In the case we are now considering the district court at the trial below had both parties to the proceeding before it. The latest decision of the Supreme Court on this subject is *National Fire Ins. Co. v. Thompson,* 281 U. S. 331, 50 Sup. Ct. 288, and in a footnote to the opinion many previous cases of that court to the same effect are cited.

Applying this doctrine to the facts of the present case it would seem to follow that the trial court was justified in striking from the replication to the answer the three paragraphs above set forth and with them stricken there was not enough left in the plaintiff's complaint to justify any other order than the one dismissing the action. Applying the principle of these decisions of the Supreme Court of the United States to the facts of this record, we find that upon this review we may properly consider our former judgment in *Hughes v. Pallas,* 84 Colo. 14, 267 Pac. 608. That was a case between the parties to this action and we there said in our opinion: "Defendant in

error, Pallas, leased the premises from Thomas Hughes, now deceased, the father of the plaintiff in error, for five years, at two hundred and fifty dollars per month rent, with the option of renewing the lease for the additional term of five years, on the payment of twenty-five dollars more rent per month. On the same day Pallas assigned the lease to defendant in error Jones, with the consent of the lessor, and Jones, with the lessor's full knowledge took immediate possession, and thereupon expended $15,000 for alterations and improvements in preparing the place for his business. Jones operated a restaurant and cigar store therein during the summer and tourist season, and closed the restaurant and store in the winter, or dull season of the year. Hughes, the lessor, regularly called for, and received the monthly rents at Jones' place of business, and this he continued to do up to the time of his death. Hughes died in October, 1925, leaving George Hughes, the plaintiff in error, and a daughter, Alice, as his only heirs at law. Thereafter Alice died, leaving George the sole heir of the two estates. After the death of Thomas, plaintiff in error was offered a much higher rent for the place occupied by Jones, and on March 29, 1926, mailed a notice to defendant Pallas that he expected strict compliance with the terms of the lease.

Hughes v. Pallas, the case referred to, was a suit by plaintiff George Hughes against Pallas and Jones for a cancellation of the lease that is here in dispute on the ground that since the lease was "for the purpose of conducting the business of a restaurant and cigar store and for no other business," the lessee forfeited the lease, and plaintiff is entitled to its cancellation because the lessee Jones permitted occasional use of the premises by church organizations for rummage sales without compensation and as an act of charity. We held there that such use as Jones permitted of the premises was not a violation of the terms of the lease and did not constitute a ground of forfeiture. That which the court decided, however, in the Hughes-Pallas case, supra, and which is important and

controlling here, is that on the same day the lease was given to Pallas, he assigned the same to the defendant in error Jones with the consent of the lessor Hughes, and Jones, with the lessor's full knowledge, took possession of the premises and expended the sum of $15,000 for alterations and improvements in preparing the place for his business; and that Thomas Hughes, the original lessor, regularly called for and received the monthly rent at Jones' place of business, and this he continued to do up to the time of his death in October, 1925. This court, following, and sustained by, the decisions of the Supreme Court of the United States above cited, takes judicial notice of its previous opinion in 84 Colorado 14, between the same parties who are now before us. The district court likewise had the right and the power, when the case now under review was before that tribunal, to consider its own previous records of the case. Therefrom it knew, as we said in our opinion in 84 Colorado, supra, that Pallas, the lessee of these premises, had assigned his rights under the lease to Jones with the consent of the lessor Thomas Hughes, and with the latter's full knowledge, and that thereafter Thomas Hughes, in accepting many monthly payments of rent money, continued to ratify the assignment, and that the original lessor regularly called for and received from Jones the monthly rental, and so continued up to the time of his death. Such acts and conduct on the part of the original lessor bound him, and it also binds his sole living heir at law, George Hughes, and the latter now is, as was the ancestor when living, not permitted to take a contrary position. Both the trial court and this court, possessing the powers we have said they have, to take cognizance of their own previous decisions between these parties on the same issue, can properly do nothing else but hold that the plaintiff in error here, standing as he does in the shoes of the original lessor, who recognized and approved of the assignment of the lease by Pallas to Jones, may not thereafter question the rights of the assignee Jones to hold as the

substituted lessee for the entire period of the lease as rightfully extended.

The judgment is therefore affirmed.

MR. JUSTICE HILLIARD not participating.