No. 13,528.

Estate of Wilson.
Wilson et al. *v.* Wilson et al.
(33 P. [2d] 969)

Decided May 28, 1934.

Mr. J. V. Redmond, Mr. Deon Drefke, for plaintiffs in error.

Mr. Raymond L. Sauter, Mr. Raymond M. Sandhouse, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

JOSEPH Wilson, a resident of Logan county, Colorado, died intestate, January 14, 1932. We are asked to determine the status of Theodore Wilson, a minor, as heir at law of the deceased. The material facts are not in dispute.

Theodore Wilson is the son and only child of Paul Wilson and Beulah Wilson. Paul Wilson was a son of Joseph Wilson, the intestate. In 1918, Paul Wilson died, and Beulah Wilson died in 1923. The child Theodore was, at its mother's request, placed in the custody of the maternal grandmother in Denver, where he was residing in February, 1923, when Joseph Wilson, the paternal grandfather, obtained in the county court of Logan county, a decree of adoption of said child. The estate of Joseph Wilson is now in the course of administration in the county court of Logan county, wherein the heirship of deceased was determined by the court. On the hearing to determine such heirship, held April 4, 1933, the minor Theodore Wilson appeared by guardian duly appointed, and his attorneys, and claimed an interest in said estate, both as an adopted child of the deceased and as grandchild, and claimed the right to inherit in such dual capacity. The other heirs, now plaintiffs in error, appearing at the hearing, resisted the claim of said minor and contended that the adoption proceedings were void because of jurisdictional defects, but that if the adoption was held to be good, then he could inherit only in the capacity of adopted child. The court determined the matter in favor of the minor, and decreed that he could inherit in both capacities.

Plaintiffs in error, as heirs of deceased, insist that the adoption proceedings are void, first, because the court had no jurisdiction over the child, as it is shown on the face of the petition for adoption, that it was living in Denver with its grandmother, and was not present in Logan county during the pendency of the adoption proceedings and was never before the court. Second, because the court was without jurisdiction over the grand-

mother, the natural guardian of the child, there being no notice given her of the pending adoption proceedings. The grandmother as such temporary guardian, for a period of about 30 days, if she had the right to do so, made no objection, after learning of the adoption proceedings, but so far as the record discloses readily released control of the child to its adopted parents.

The adoption statutes of this state do not require notice to be given in cases like the one at bar, where both the natural parents are deceased and no guardian for the minor has been appointed. The court appointed a next friend for the minor, who appeared and consented to the adoption. Neither do the statutes require that the minor be a resident of the county where the adoption proceedings occurred.

The irregularities complained of, if any, would go only to the matter of custody and control, and would not affect the liability of the adopting parent, who sought and obtained a decree of adoption, and abided by its terms, which made the adopted child a legal heir. The intestate never questioned the court's jurisdiction nor the validity of the adoption decree, and having thus considered and accepted the decree as binding on himself, his actions precluded his heirs from an attack on its validity. We hold that the right to contest such a decree is limited to the actual parties thereto. This conclusion seems to have support in the case of *Dillingham v. Schmidt,* 85 Colo. 28, 273 Pac. 21.

Having thus determined the status of the minor to be a child of deceased under a binding decree of adoption, with the right to inherit as such, we now come to the remaining question, Can the minor also inherit as a grandchild, or take the share of its natural father? The right to inherit is statutory and our statute which governs is embraced in sections 5151 to 5161, inclusive, Compiled Laws of 1921, and such as is pertinent here is a portion of section 5151, as follows:

"Whenever any person having title to any real estate

or property having the nature or legal character of real estate, or personal estate, undisposed of or not otherwise limited by marriage settlement, shall die intestate as to such estate, it shall descend and be distributed in parcenary to his kindred, male and female, subject to the payment of his debts, also subject to sale or mortgage when it shall appear to the court to the best interests of the estate of such deceased person and the persons in interest therein, in the following course and manner, namely: * * *

"Except in the cases above enumerated, the estate of every intestate shall descend and be distributed as follows:

"First—To his children surviving, and the descendants of his children who are dead, the descendants, collectively, taking the share which their parents would have taken if living."

The pertinent portion of the adoption statute, section 5154, Compiled Laws of 1921, is as follows: "Legally adopted children shall be, to all intents and purposes, children and legal heirs of the persons so adopting them, entitled to inherit as fully as children of the foster parents begotten in lawful wedlock, and in case any such adopted child shall die leaving no husband, wife or children, then the foster parents shall inherit as though such adopted child had been a child of such foster parents born in lawful wedlock."

During the lifetime of the intestate, his property was subject to his control and disposition. If it was his pleasure to take such steps as would increase the inheritance of this minor grandchild, he could do so, either by adoption or testamentary provision, and his heirs, whom he could have deprived of any inheritance at all, cannot complain. *Hughes v. Jones,* 89 Colo. 455, 3 P. (2d) 1074. The grandchild, a minor, as such, could not and did not surrender his right of inheritance from its natural father. Natural inheritable interests follow the blood and the law of adoption does not change the law of

descent. Our statute of adoption deprives the child adopted of nothing, but confers on it simply the ordinary rights of inheritance.

■ "An adopted child is, in a legal sense, the child both of its natural and of its adopting parents, and is not, because of the adoption, deprived of its right of inheritance from its natural parents, unless the statute expressly so provides. It would seem that an adopted child is also entitled to inherit as a child of his natural parent in the event of the death of such parent in the lifetime of the ancestor. By some authorities this has been held to apply even where the adoptive parent is in fact the grandparent of the children, so that on his death, after the death of the natural parent of the children, such children inherit in the double capacity of children and grandchildren." 1 R. C. L. 614, §26.

■ "In the absence of statute to the contrary, an adopted child may inherit both from its adoptive parent and from or through its natural parent. In some states the adopted child has even been permitted to inherit from the same person in the dual capacity of a blood relative and of an adopted child, but under other statutes the right to inherit from the same person in such dual capacity has been denied." 1 C. J. 1400, §129.

■ Being a minor child and the subject of the transfer of control, it has no voice in the matter, makes no choice and gives no consent, but, whatever takes place, it never ceases to be the issue of its natural parent. Only by express statute does it ever lose that right which may come to it by succession. There is nothing in our adoption statute that makes inapplicable the rules of descent. The statute gives additional rights, but takes nothing away, and nothing is lost unless expressly specified. *Wagner v. Varner,* 50 Ia. 532; *Bartram v. Holcomb,* 109 Kan. 87, 198 Pac. 192.

Judgment affirmed.

Mr. Justice Campbell and Mr. Justice Bouck not participating.