(No. 28371.—■■■■■)

*In re* ESTATE OF MARY ELIZABETH TILLISKI.—(AUGUST TILLISKI, Admr., *et al.*, Appellants, *vs.* SARAH A. MARTIN, Appellee.)

*Opinion filed March 21, 1945—Rehearing denied May 21, 1945.*

274

Moses Pulverman, of Benton, for appellants.

Frank E. Trobaugh, and Stephen E. Brondos, both of West Frankfort, for appellee.

Mr. Justice Gunn delivered the opinion of the court:

Sarah A. Martin, appellee, is the daughter of Mary E. Tilliski. In the year 1900 Sarah was legally adopted by T. J. and Sarah Armstrong by decree duly entered in the county court of Williamson county. Mary E. Tilliski died October 9, 1940, leaving her surviving her husband, August Tilliski, Sarah A. Martin, the daughter, Daisy Walton, a sister, and Sarah Kaesberg, a niece. The adoptive parents of Sarah A. Martin died previous to the death of her natural mother, and from them she inherited property.

The sole issue for determination is whether appellee, being an adopted child, can inherit a child's share from the estate of her mother. The pleadings and facts out of which this question arises are. adequately set out in the opinion of the Appellate Court in 323 Ill. App. 490, and need not be restated, as both parties agree there is only one issue for decision. The county court and the circuit court of Franklin county, where Mary E. Tilliski resided at the time of her death, held appellee was not deprived of the

right to inherit from her mother by reason of being an adopted child of another. On appeal to the Appellate Court for the Fourth District the judgment of the circuit court was affirmed. We have allowed an appeal to this court.

The case involves the construction of the provisions of the Probate Act in reference to devolution of property upon death intestate, (Ill. Rev. Stat. 1943, chap. 3, pars. 162-165,) and also parts of the Adoption Act. (Ill. Rev. Stat. 1943, chap. 4.) The Probate Act became effective January 1, 1940, and includes the former statute of 1872 on descent, (Ill. Rev. Stat. 1937, chap. 39,) and sections 5, 6 and 7 of the former Adoption Act, (Ill. Rev. Stat. 1937, chap. 4,) all being incorporated in the Probate Act as part of article II, entitled "Descent, Distribution and Dower."

It is the contention of appellant that certain changes were made in the former adoption and descent statutes, which evidence an intention upon the part of the legislature to preclude an adopted child from inheriting from his or her natural parents. To analyze this contention it is perhaps well to ascertain what, if any, substantial change is brought about by incorporating what was formerly designated the descent statute and parts of the adoption statute into the Probate Act. And first, with reference to the language used for the descent of property in case of intestacy, section 11 (par. 162) provides for the descent of property in such case: "when there is a surviving spouse and also a descendant of the decedent: (a) to the surviving spouse one-third of the personal estate and one-third of each parcel of real estate of which the decedent died seized * * * and (b) to the decedent's descendants per stirpes two-thirds of the personal estate, * * *."

It will be noted that in the Probate Act the word "descendants" takes the place of "child" and "the descendants of a child or children," used in the former statute of descent, and in like manner the word "descendants" is

used to cover the various contingencies under which property passes by intestacy. The word "descendant" means one who is descended lineally from another to the remotest degree. (*Wyeth* v. *Crane,* 342 Ill. 545; *Bates* v. *Gillett,* 132 Ill. 287.) Section 14 (par. 165) of the Probate Act provides for the descent of property as between an adopted child and an adoptive parent, and this paragraph takes the place of sections 5, 6 and 7 of the former Adoption Act. While there is some difference between the phraseology of section 14 of the Probate Act and sections 5, 6 and 7 of the former Adoption Act, yet in substance they are the same. All of the other provisions of the Adoption Act remain unchanged. Section 14 provides: "A child lawfully adopted is deemed a descendant of the adopting parent for purposes of inheritance, * * *." This language, in so far as an adopted child and adoptive parents are concerned, places the child in the same relative position as that of a natural child in relation to its natural parents under section 11, where it is referred to as a "decedent's descendant." It is, however, first to be noted that, under section 11, the inheritance goes to "decedent's descendants per stirpes," whereas under section 14 there is added, as a limitation to inheritance, the words "except that the adopted child shall not take property from the lineal or collateral kindred of the adopting parent per stirpes."

The contention is made by appellant that since an adopted child in case of the death of the adopting parent is deemed a descendant, therefore the term is exclusive of whom it may be a descendant, and therefore the child may no longer be regarded as a descendant of a natural parent. There seems to be no decision in Illinois passing squarely upon the right of an adopted child to inherit from its natural parents. The right of the adopted child to take from its natural parents is inferentially recognized in the last clause of section 6 of the prior Adoption Act

by the use of these words: "but the parents by adoption and their heirs shall not inherit any property which such child may take or have taken, by gift, bequest, devise or descent from his kindred by blood." This language was used to clarify a preceding sentence in the same section, which provides: "The parents by adoption and their heirs shall take by descent, from any child adopted * * * only such property as he has taken or may hereafter take from or through the adopting parents." The purport of section 6 of the old act and section 14 of the Probate Act is the same, because both in the old law and the new, the parents by adoption and their kindred are eligible to inherit, from the adopted child, only property received by such child through either or both of the adopting parents.

The contention that the use of the word "descendants" in reference to heirship, both of natural and adopted children, has the effect of excluding a natural child from inheriting from its parent is without force. The only effect of the use of the word "descendant" in both sections 11 and 14 is to synchronize their meaning as to the inheriting by the child from the parent described in the respective sections. In section 11 it is the descendant of a natural parent to which reference is made; in section 14 it is the adopted child, as a descendant of the adopting parent, to which reference is made. In other words, the adopted child under section 14 is given the legal standing of a descendant (with certain exceptions) as to adopting parents, similar to that given, by the use of the same term, in section 11, where adoption is not involved. There is nothing in the Probate Act, nor is there anything in the superseded statutes of descent and adoption to indicate that the natural child and the natural parents no longer have such status by reason of adoption of the child. The restrictions in the prior adoption statute and in section 14 of the Probate Act, as to the rights of the adopted child,

are strictly limited to inheritance from the adopting parent, with no reference whatsoever to the natural parent, with certain exceptions to which we now refer.

There is no limitation upon the right of a descendant to inherit from natural parents under section 11. There are, however, in section 14, limitations upon the right of the adopted child to inherit from the adopting parent, which are as follows: (1) "the adopted child shall not take property from the lineal or collateral kindred ·of the adopting parent per stirpes or property expressly limited to the body of the adopting parent." The same provision, in slightly different language, is to be found in section 5 of the prior Adoption Act, *viz.,* "except that ·he [the adopted child] shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation." "Per stirpes" and "representation" as used above are synonymous terms. (Bouvier's Dict.) (2) "When an adopted child is related by blood to the adopting parent, the adopted child and his descendants shall take property from the estate of the adopting parent only as an adopted child, or descendants of an adopted child, and not as relatives by blood." (Probate Act, sec. 14.) This exception was not in the former adoption statute. (3) An adopted child cannot inherit as heir property limited to the issue of the body of the adopting parent. Adoption Act, sec. 5; Probate Act, sec. 14.

We have just noted the provisions of the Adoption Act which have been superseded by, and included within, the Probate Act. There are other sections, however, of the Adoption Act which require consideration. Section 3 is still in force, not being affected by the Probate Act, and, among other things, provides that upon the filing of a petition, and a hearing thereon, a decree may be made "setting forth the facts and ordering that from the date of the

decree the child shall, to all legal intents and purposes, be the child of the petitioner * * *." Section 8 of the Adoption Act defines the effect of adoption as follows: "The natural parents of a child so adopted shall be deprived, by the decree, of all legal rights, as respects the child, and the child shall be freed from all obligations of maintenance and obedience as respects such parents." It is noticeable that neither the prior statute on adoption nor the Probate Act makes any provision that a child shall be incapable of inheriting from its natural parent. Neither does it say, either by express reference, or by implication, that a natural child is no longer a descendant of a natural parent. The entire statute must be construed together, not merely one section as it is enacted at one time, and the presumption is that the legislature intended that it be construed as a whole.

Section 11 of the Probate Act provides that a descendant may inherit from its parent. The appellee in this case was a descendant, within the meaning of that section, of Mary E. Tilliski. Section 14 provides that an adopted child may be deemed a descendant of the adopting parent. Under such provision, as to the rights of inheritance, she had the same rights as a natural child as respects T. J. Armstrong and wife. The exceptions to inheritability set forth in section 14 of the Probate Act do not include the waiver of any rights between natural parents and natural child. We regard it very significant that there are a number of exceptions to the rights of an adopted child and of the adopting parent to inherit, specified in section 14, none of which preclude the right which a natural child has to inherit from its natural parent. This is recognized in *Dwyer* v. *Dwyer*, 366 Ill. 630, a case where the natural parent was required to aid in support of a child which had been adopted. We there said: "The adoption of a child does not work a complete severance in the relationship

between the child and its natural parents. · The duty of a parent to support his minor child arises out of the natural relationship, and while that duty may also be imposed upon the adoptive parents by statutory enactment, the natural parent may, if necessity arises, be required to perform that duty."

Another thing to be noted in this connection is that the law does not require that a child under fourteen years of age be notified or represented in an adoption proceeding; (*McConnell* v. *McConnell*, 345 Ill. 70;) and it would seem that, if it was the intention of the legislature to limit or lessen the natural rights of the child, provision would be made to have someone represent this child before waiving its prospective rights of inheritance. Before the Probate Act was adopted, the conditions under which children, illegitimate children, posthumous children and adopted children might inherit were provided by separate statutes. The provisions made by law for these classes of children are now to be found in the Probate Act in sections 11, 12, 13, and 14, respectively. Under these provisions the child takes as a descendant of its parents; the illegitimate as a descendant of its mother or maternal ancestors; the posthumous as descendant of his ancestor, and the adopted as descendant of his adopting parents. Appellant professes to see the word "only" written into each of these paragraphs by implication. Such word is not in the statute, and we cannot put it there. There is nothing in the language of the provisions made for these several classes of descendants which requires a natural, illegitimate, or posthumous child to forfeit its statutory rights of inheritance because it may be adopted by another person. We are of the opinion that the right of an adopted child to inherit from its natural parents is not restricted by adoption, except possibly by that provision of section 14, which requires it to take by adoption and not by blood, when adopted by a blood relative.

While, as above observed, there is no decision of this court, of which we are aware, that has passed upon this question, it has been decided in other jurisdictions having the same or similar statutes that an adopted child may inherit from its natural parents. (*In re Wilson's Estate,* 95 Colo. 159, 33 Pac. 2d 969; *Humphreys* v. *Davis,* 100 Ind. 274, 50 Am. Rep. 788; *Patterson* v. *Browning,* 146 Ind. 160, 44 N. E. 993; *Wagner* v. *Varner,* 50 Iowa, 532; *In re Klapp,* 197 Mich. 615, 164 N. W. 381; *Roberts* v. *Roberts,* 160 Minn. 140, 199 N. W. 581; *Sledge* v. *Floyd,* 139 Miss. 398, 104 So. 163; *Clarkson* v. *Hatton,* 143 Mo. 47, 44 S. W. 761; *Sorenson* v. *Churchill,* 51 S. D. 113, 212 N. W. 488; *In re Sauer,* 216 Wis. 289, 257 N. W. 28; *In re Roderick,* 158 Wash. 377, 291 Pac. 325.) The Massachusetts ' and New York courts have reached the same conclusions, but decisions from those States are not controlling because the adoption statutes preserve the child's right of inheritance from its natural parents. California and Connecticut have reached the opposite result, but in the latter State there is an express statute precluding inheritance from the natural parent, and in the California case of *Boosey* v. *Darling,* 173 Cal. 221, the somewhat illogical result was reached that an adopted child could not inherit from its natural parents, but could inherit from its natural grandparents. We cannot think of any condition arising under our statute where we could reach this conclusion.

In *Sledge* v. *Floyd,* 139 Miss. 398, the court said: "The statute confers upon the adopted child certain benefits. These do not necessarily deprive it of legal benefits flowing from the blood relations. * * * The statutes provided for inheritance by children from their parents, and we see no reason why a child adopted by another should not continue to inherit from its blood relations in the absence of a statute or decree specifically providing to the contrary." And, further, it is said: "We do not think the

statute intended to deprive children of their right to inherit from their natural parents and blood relatives. To do so would raise grave questions where a child having expectations should be adopted against its consent or without its power to consent during tender years of minority, and thus be deprived of benefits."

In the Minnesota case (*Roberts* v. *Roberts*, 160 Minn. 140,) it is said: "If an adopted child does not inherit from her natural parents it is because of the adoption statute. Whether it shall inherit is altogether a question of legislative policy, and is settled when the legislature speaks. The legislature has not spoken expressly. What is claimed is that the adoption statute, defining the status of the child, makes inapplicable the general rules of descent. We do not minimize the force of the argument. It does not lead us to the conclusion that an adopted child does not inherit from its natural parents. We hold that it does inherit."

And in the Michigan case (*In re Klapp*, 197 Mich. 615,) it is recognized a child may inherit from both its natural and its adopted parents, saying: "But, it is argued, how can the child be relieved of its obligations to a natural parent and still retain its right of inheritance? The reason, therefore, lies in the fact that at the moment of birth the child's status is fixed by law; at birth the child becomes the issue of the parent, and is included within the provision of the statute, which declares all issue shall inherit the property of their parents. In the case of the natural father, the question whether the child shall become his heir is not subject to his assent or contract, and, therefore, the child's right to inherit from him is not subject to his election. The law irrevocably fixes his status in that respect the moment he is born. In the one case, by no act of the parent can he prevent the child becoming his heir. In the other case, the child cannot become

his heir without his consent. One situation depends upon blood and birth; the other upon consent and contract."

Appropriate language to the same effect is used in other cases, cited above, supporting the view that a child does not lose its right of inheritance from its natural parent by becoming the adopted child of another, unless such right is expressly taken away by statute. The reasoning of these cases appeals to us as reasonable and just. In a matter of such general importance the legislature would have made express provision if it had intended a child should lose its birthright upon becoming adopted by another. It has not done so, but, on the contrary, it has made certain exceptions, only. The appellee does not come within any of these exceptions. It is a fundamental principle of statutory construction that the enumeration of certain things in a statute implies the exclusion of all other things. (*People ex rel. Hansen* v. *Collins,* 351· Ill. 551; *Tennant* v. *Epstein,* 356 Ill. 26.) And as a corollary of this rule it has been held that other exceptions than those designated by statute cannot be read into it under· the rule *expressio unius exclusio alterius. People* v. *Deep Rock Oil Corp.* 343 Ill. 388.

It is claimed, however, by appellant that a contrary rule has been announced in prior decisions of this court. No single case cited by appellant involves the question of a natural child inheriting from its natural parent after it had been adopted by another. In *Keegan* v. *Geraghty,* 101 Ill. 26, the question involved was the claim of an adopted child to inherit from the natural child ·of ·the adopting mother. No question of inheriting from a natural parent was involved. The case is really decided adversely to the contention of the adopted child upon the provisions of section 5 of the Adoption Act, which exclude an adopted child from taking from the lineal or collateral kindred of the adopting parents by right of representation. The

claimant attempted to evade this provision of the law by saying there was an implied right of the child to inherit directly in his own right from such collateral kindred. This was rejected by the court. The reference to parents inheriting contained in the opinion had reference to adopting parents, and not natural parents.

In *Wallace* v. *Noland*, 246 Ill. 535, the question arose between the adopted child and the brothers and sisters of the adopting parent, and was controlled by a former decision of the court construing a will to mean that natural children and not adopted children came within its terms. In *Ryan* v. *Foreman*, 262 Ill. 175, the question involved was whether an adopted child was entitled to receive a police pension as the heir of the adopting father. *Flannigan* v. *Howard*, 200 Ill. 396, involved the question of whether an adopted child stood in the same relation as a natural child so as to come within section 10 of the former Descent Act, which provided that if, after making a will, a child shall be born to the testator, and no provision be made for it in the will, the shares of the other children should abate proportionately to give such later-born child a full share. In the *Flannigan case* the court held a child adopted after the making of a will came within this provision of the statute. The case of *Keal* v. *Rhydderck*, 317 Ill. 231, involved only a controversy between natural heirs of the deceased and the adopted heir, as to the validity of the adoption.

It is not contended by appellant that these cases decide specifically the question involved, but it is contended that language is used indicating that such are the views of this court. We do not consider that any of the language used in any of the cases has decided the question here involved. It is true that occasionally words are used referring to the rights of the adopted child as to parents, but in each case the question involved was between an adoptive parent, or

the relatives of such parent, and the adopted child, and not between the natural parent and such child. This can be readily determined from an examination of each of the cases.

We have frequently held that a judicial opinion, like a judgment, must be read as applicable only to the facts involved, and is authority only for what is actually decided. (*People ex rel. Schuler* v. *Chapman*, 370 Ill. 430; *White* v. *Seitz*, 342 Ill. 266; *City of Geneseo* v. *Illinois Northern Utilities Co.* 378 Ill. 506.) None of the above cases, nor any other Illinois case to which our attention has been called, decides the right of the natural child to inherit from its natural parents, nor do they inferentially hold its natural right to inheritance has been taken from it.

The statute authorizing adoption of children is remedial. It was unknown to the common law. Primarily, it is beneficial to the adopted child. It gives to it rights it did not have before. It does not purport to lessen any of its natural rights, but gives additional rights. The same right of heirship from blood parents enjoyed by a natural child should not be taken from an adopted child unless clearly required by statute. We are of the opinion that under the statute in force at the time of the death of Mary E. Tilliski, intestate, her natural child, Sarah A. Martin, was entitled to a child's share, and that the fact that she had been previously adopted did not deprive her of it.

The judgment of the Appellate Court for the Fourth District is, accordingly, affirmed.

*Judgment affirmed.*