*In re* ESTATE OF ANNA MAE CREGAR, Deceased.—(DONALD F. MCKEONE *et al.,* Petitioners-Appellants, *v.* JUNE PESIKEY, Adm'r of the Estate of Anna Mae Cregar, Deceased, Respondent-Appellee.)

(No. 61342; 

First District (1st Division)—July 21, 1975.

Edmund M. Tobin, of Chicago, for appellants.

John T. Conroy, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This is an appeal from an order entered in the circuit court of Cook County concerning the probate of the estate of Anna Mae Cregar, who died intestate. The appellants, Donald F. McKeone and Anna May Howard, were heirs both by blood and adoption. The appellants contended before the trial court that they were entitled to double shares of the estate by virtue of their dual relationship to the deceased by blood and adoption. The trial court rejected this contention and entered an order finding that the appellants were entitled to inherit only a single share as the adopted nephew and niece of the deceased. The appellants appeal from this order.

The two appellants, Donald F. McKeone and Anna May Howard, are the natural nephew and niece of the deceased. The two appellants were born to Margaret West, a sister of the deceased. Margaret West died, and the appellants were adopted by two other sisters of the deceased. Donald was adopted by Catherine McKeone and Anna was adopted by Harriet Gallo. These two aunts who adopted the appellants both died prior to the intestate, Anna Mae Cregar.

Anna Mae Cregar was the last of these four sisters to die, and she died intestate. The intestate left no surviving spouse, parents or descendants. Therefore, her estate is to pass under Illinois law to her sisters and brothers or their representatives per stirpes. (Ill. Rev. Stat. 1973, ch. 3, par. 11.) The two appellants are claiming double shares in their dual capacities as blood descendants of their natural mother (a sister of the intestate) and as adopted descendants of their adoptive mothers (also sisters of the intestate). The trial court held that the two appellants could not claim dual shares, but could only inherit a single share in their capacity as descendants of their adoptive mothers. The issue on appeal is whether the court erred in denying the appellants the right to inherit a second share as descendants of their natural mother.

The first paragraph of section 14 of the Probate Act states:

> "A child lawfully adopted is deemed a descendant of the adopting parent for purposes of inheritance from the adopting parent and from the lineal and collateral kindred of the adopting parent." Ill. Rev. Stat. 1973, ch. 3, par. 14.

It is clear from the statute that the appellants can inherit from the intestate, who is a collateral kindred of their adopting parent, in their capacity as an adopted niece and nephew of the intestate. The lower court so held, and this matter is not at issue on appeal. What is at issue is whether the appellants' adoption cut off their right to inherit additional shares by virtue of the intestate being a collateral kindred of their natural mother. There are two possible theories which would deny them this additional share: (1) the theory that an adoption works to sever all rights of inheritance from natural relatives no matter who the adopting parents are; or (2) the theory that an adoption severs rights to inheritance from natural relatives only where one of the adopting parents is a blood relative.

The first of these theories has been rejected by *In re Estate of Tilliski*, 390 Ill. 273, 61 N.E.2d 24. In this case, a person had been adopted by nonrelatives, and the issue arose whether the adoption cut off the right of the person adopted to inherit from his natural parents. In interpreting section 14 of the Probate Act, the court held that adoption did not cut off one's right to inherit from his natural parents. The court stated that:

> "In a matter of such general importance the legislature would have made express provision if it had intended a child should lose its birthright upon becoming adopted by another." (390 Ill. 273, 283, 61 N.E.2d 24, 28.)

Although *Tilliski* dealt with the right to inherit from the natural mother's estate, we are of the opinion that the holding in *Tilliski* also encompasses the right of an adopted person to inherit from the estates of his other natural relatives.

*Tilliski* did not deal with a situation where the person claiming a share of the estate of his or her natural parents had been adopted by blood relatives. The appellee contends that claimants who have been adopted by blood relatives are barred from inheriting a double share by claiming as blood relatives of the intestate in addition to claiming as adopted relatives. The appellee bases this contention solely on the argument that the fourth paragraph of section 14 of the Probate Act bars a double inheritance. Ill. Rev. Stat. 1973, ch. 3, par. 14.

The fourth paragraph was first made a part of Illinois law when it was included in the Probate Act of 1939. This paragraph states:

> "When an adopted child is related by blood to the adopting parent, the adopted child and his descendants shall take property from the estate of the adopting parent only as an adopted child or descendants of an adopted child and not as relatives by blood." Ill. Rev. Stat. 1941, ch. 3, par. 165—presently Ill. Rev. Stat. 1973, ch. 3, par. 14.

The last portion of the paragraph states that whoever falls within the description of this paragraph "shall take property * * * only as an adopted child or descendants of an adopted child and not as relatives by blood." It is clear from this that if the appellants fall within the category of persons described in this paragraph, they may not inherit as "relatives by blood."

In determining whether the appellants fit the category of persons described in this paragraph, the first part of the paragraph can be broken down into two parts. First, they must be "an adopted child [who] is related by blood to the adopting parent." This requirement fits the appellants because they were both adopted by their natural aunts. The second requirement is that they must be taking "property from the estate of the adopting parent." The statute reads that "the adopted child and his descendants shall *take property from the estate of the adopting parent* only as an adopted child or descendants of an adopted child and not as relatives by blood." (Emphasis added.) Our appellants do not fit this second requirement because they are taking property from the estate of an aunt who is not their adopting parent. Therefore, the paragraph does not bar the appellants from taking a second share by virtue of their blood relationship with the intestate.

■■ If the appellee's contention is correct that the legislature intended to cover our situation where the estate is of an intestate who is someone other than the adopting parent, then the words "property from the estate of the adopting parent" would be superfluous. It is a general rule of statutory construction that statutes should be construed so that no sentence, clause or word shall be superfluous. (*People ex rel. Barrett v. Barrett*, 31 Ill.2d 360, 201 N.E.2d 849; *Tan v. Tan*, 3 Ill.App.3d 671, 279 N.E.2d 486.) Even if one were to interpret the words in the statute to mean "take property 'through' the estate of the adopting parent," it would still not bar a separate taking of property "through" the estate of the natural parents. This latter interpretation would merely state that the appellants could take property through the adoptive parents' estate only as an adopted child. The only share the appellants are presently claiming "through" their adoptive parents is by virtue of their adopted status and *not* their blood status. The share they claim by virtue of their blood relationship to the intestate is claimed "through" their natural mother, and the adoptive parents do not enter into this chain of inheritance at all.

Despite the clear language of paragraph four of section 14, the appellee contends that the legislature, in adding this provision, intended to deny dual shares to persons adopted by their blood relatives even when it was not the adoptive parent's estate which was being divided. After examining the history of section 14, we find this contention to be

invalid. Today, section 14 allows an adopted person to inherit from the collateral kindred of their adopting parents. This allows the appellants to inherit a share from their aunt's estate by virtue of their adoptive relationship to her, and no one is contesting this claim. However, when the legislature first added the fourth paragraph of section 14 dealing with adoption by blood relatives, the statute barred an adopted person from inheriting from collateral kindred of the adopting parents. The first paragraph of section 14 of the Probate Act of 1939 reads:

> "A child lawfully adopted is deemed a descendant of the adopting parent for purposes of inheritance, except that the adopted child shall not take property from the lineal or collateral kindred of the adopting parent per stirpes or property expressly limited to the body of the adopting parent." Ill. Rev. Stat. 1941, ch. 3, par. 165.

Therefore, in 1939 at the time the adopting by blood relatives provision was added, it was not possible for an adopted child to inherit from the estate of an adopted aunt or any other collateral relative of the adopting parents. A double share of an adoptive aunt's estate would have been impossible in 1939 because the only share of an aunt's estate that an adopted person could then have claimed would have been by virtue of a blood relationship to an aunt. Viewing section 14 in its historical context, we are of the opinion that the legislature did not intend or contemplate ruling out dual shares (via the adoptive and blood routes) from estates of collateral kindred of the adoptive parents. Furthermore, to say that paragraph four dealing with adoptions by blood relatives was designed to cut out inheritances from kindred of natural parents would mean that in the Probate Act of 1939 the legislature intended that an adopted person could not inherit from an adoptive aunt or a natural aunt. It would be unreasonable to conclude that the legislature intended this result.

We are of the opinion that there is no basis for concluding that the fourth paragraph of section 14 of the Probate Act was intended to bar a person adopted by a blood relative from inheriting a share from the estate of another blood relative by virtue of their blood relationship. What the fourth paragraph does is to limit a person adopted by a blood relative to a single share of their *adopting parent's estate* which they could claim only in their status as an adopted child. This would bar a claim for an additional share of the adopted parent's estate as a blood relative. It would cover the situation where the natural grandparents adopt their grandchildren, and the grandchildren then claim a share of the grandparent's estate as adopted children and additional shares as natural grandchildren.

■■ *In re Estate of Tilliski*, 390 Ill. 273, 61 N.E.2d 24, held that the right to inherit from one's natural parents (and from other natural relatives by implication) should not be cut off by adoption unless there is an express provision in the statutes to that effect. No such express provision appears in the Probate Act or elsewhere which deals with our situation. We are of the opinion that it would be consistent with the holding in *Tilliski* to allow the appellants to inherit both as adopted relatives and as blood relatives. However, *Tilliski* did not deal with a situation where the claimants were adopted by a blood relative. Therefore, we have examined cases which involved adoptions by blood relatives where the claimants were claiming dual shares by adoption and by blood from estates of relatives who had died intestate. This was done to determine if there is anything in the common law which would bar the dual inheritance that the appellants seek.

There are no Illinois cases which have dealt with claimants that were adopted by blood relatives and who sought dual inheritances by virtue of adopted and blood relations with an intestate. However, there are a number of cases from other states which have dealt with this issue. All of these cases dealt with the situation where the natural grandparents adopted a grandchild and then died intestate. The adopted children then claimed a double inheritance in their dual capacity as an adopted child and as a natural grandchild (*i.e.*, representing their deceased natural parents' share of the estate). Section 14 of the Probate Act would, of course, bar this type of double recovery in Illinois because it is a taking of property from the estate of the adoptive parents. However, the reasoning used in these decisions is useful to the determination of the instant appeal.

Four cases held that the adopted natural grandchildren could inherit double shares from their intestate adoptive parents' estate in their dual capacity as adopted children and as natural grandchildren. All of these states had statutes similar to Illinois wherein the adopted child could inherit from the adoptive parents' estate "as if he were their natural child." Two of the courts, in allowing the dual inheritance, stated that the adoption statute adds additional rights (*i.e.*, the right to inherit from the adopting parents) but does not take away any prior rights (*i.e.*, the right to inherit from the natural relatives). (*Wilson v. Wilson* (1934), 95 Colo. 159, 33 P.2d 969; *Wagner v. Varner* (1879), 50 Iowa 532.) The Supreme Court of Utah utilized the same reasoning as *Tilliski* in holding that a dual inheritance as adopted child and natural grandchild was not barred unless the adoption statutes expressly excluded it. (*In re Benner's Estate* (1946), 109 Utah 172, 166 P.2d 257.) A fourth

case allowed a dual inheritance but gave no reason for the holding. *Bartram v. Holcomb* (1921), 109 Kan. 87, 198 P. 192.

Three states, dealing with the claims of persons adopted by their grandparents, have held that the claimants were not entitled to a dual inheritance as both adopted children and natural grandchildren of the intestate. One of these holdings has no bearing on our case because while it held that such a dual inheritance was barred from the estate of the natural grandparents who adopted the claimant, it also held that the statute would expressly allow such a dual inheritance if the inheritance was from the estate of a relative who was not their parent by adoption. (*Delano v. Bruerton* (1889), 148 Mass. 619, 20 N.E. 308.) The other two cases which denied dual inheritances did so on the ground that it would be inequitable for an adopted child to receive a greater share of the intestate adoptive parent's estate than the natural children of that parent. *Billings v. Head* (1916), 184 Ind. 361, 111 N.E. 177; *Morgan v. Reel* (1905), 213 Pa. 81, 62 A. 253.

In examining these cases, we note that the reasons given for denying dual inheritances do not apply to our case while the reasons given for allowing dual inheritances do apply. The reason given in the latter two cases which denied dual inheritances was the inequality of shares between the adoptive and natural children of the intestate. This reasoning would seem quite valid under the facts of the cases where the parent's estate was being divided. The fourth paragraph of section 14 of the Probate Act has remedied that problem. However, in our case, the estate is not of the adopting parent but of an aunt. Therefore, the question is whether certain inequalities in shares among nieces and nephews should be opposed as a matter of policy. Our present Probate Act which provides for distribution to descendants of collateral kindred per stirpes has a certain element of inequality built into it. (Ill. Rev. Stat. 1973, ch. 3, par. 11.) If one sister or brother of the intestate has one child whereas another sister or brother has two children, then a descendant of the latter sister or brother would receive only one-half as much as the descendant of the first sister or brother. Therefore, there seems to be no clear-cut legislative policy in Illinois which opposes unequal shares among nieces or nephews of an intestate. While a change in the law of intestate succession which would create equal shares for the descendants of collateral kindred of an intestate may be desirable, this change must come from the legislature.

The reasoning in the cases upholding dual inheritances is applicable to our case. *In re Benner's Estate* (1946), 109 Utah 172, 166 P.2d 257, found that even where a dual inheritance would result, the adopted child's right to inherit from its natural relatives should not be cut off

unless express language in the adoption act to that effect could be found. This parallels the reasoning in *Tilliski*. The reasoning in *Wilson v. Wilson* (1934), 95 Colo. 159, 33 P.2d 969, and *Wagner v. Varner* (1879), 50 Iowa 532, which also upheld dual inheritances was that adoption legislation relating to inheritances was intended to enlarge the adopted child's rights, without taking away any prior rights. This would apply to section 14 of our own Probate Act which is primarily concerned with establishing the right of an adopted child to inherit from his adoptive relatives.

*In re Estate of Tilliski*, 390 Ill. 273, 61 N.E.2d 24, held that an adopted person's right to inherit from his natural parents (and natural relatives by implication in our opinion) is not cut off unless there is an express statutory provision to that effect. We have found nothing in the Illinois Probate Act which bars the dual inheritance the appellants seek. Therefore, the appellants are entitled to the dual inheritance. The cases from other states which we have discussed support this conclusion.

For these reasons the order of October 21, 1974, finding that Donald F. McKeone and Anna May Howard are entitled to inherit in the subject estate only through their adopting parents and not through their natural parents is reversed, and the cause is remanded with instructions to enter an order finding that these two appellants are entitled to inherit a share as the natural descendants of their natural mother in addition to their share as adopted descendants of their adoptive mothers.

Order reversed and remanded with instructions.

GOLDBERG and EGAN, JJ., concur.