*In re* ESTATE OF MARLIN L. SNODGRASS, Deceased (Christopher Parr, a/k/a Christopher Snodgrass, *et al.*, Petitioners-Appellees, v. Larry Snodgrass, Ex'r, Respondent-Appellant).

Fourth District   No. 4—02—0513

Opinion filed February 7, 2003.

J. Steven Beckett, Chad S. Beckett, and Andrew W.B. Bequette, all of Beckett & Webber, P.C., of Urbana, for appellant.

William A. Allison, of Allison & Mosby-Scott, and George R. Flynn, both of Bloomington, for appellees.

JUSTICE APPLETON delivered the opinion of the court:

Petitioners, Christopher and Craig Parr, a/k/a Snodgrass, allege they are the natural children of decedent, Marlin L. Snodgrass. Their mother, Kaye Parr, was never married to decedent. Carl E. Parr (not a party to this lawsuit) is petitioners' adoptive father. Respondent, Larry Snodgrass, is decedent's brother and the executor of his estate.

Petitioners filed an amended complaint contesting decedent's will. As executor, respondent filed a motion for summary judgment, arguing that because Carl Parr had adopted petitioners, they were not decedent's children within the meaning of section 2—4(d)(1) of the Probate Act of 1975 (Probate Act) (755 ILCS 5/2—4(d)(1) (West 2000)) and they therefore lacked standing to contest decedent's will. After denying the motion for summary judgment, the trial court granted respondent's motion to certify the following question for interlocutory review pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)):

"When the mother of an illegitimate child marries someone other than the father of the child, and the spouse of the mother then adopts the illegitimate child, is the child still the child of his or her natural father for purposes of inheritance under [section 2—4(d)(1)]?"

We answer yes to the question and remand this case for further proceedings.

## I. BACKGROUND

Decedent executed his will on January 23, 1990, and died on October 8, 2000. The will named neither of the petitioners as a beneficiary. On April 4, 2001, petitioners filed an amended complaint contesting the will, alleging they were decedent's natural children, he had lacked testamentary capacity, and the beneficiaries of the will had unduly influenced him.

On December 14, 2001, respondent filed his motion for summary judgment. In addition to affidavits averring that decedent had a sound mind and free will, respondent presented certified copies of petitioners' birth certificates as well as records of a paternity case and an adoption case from the De Witt County circuit court. According to the

birth certificates, Christopher Parr was born on September 25, 1967, and Craig Parr was born on March 15, 1969, and Carl Parr was their father. In the paternity case, petitioners' mother, Kaye Pitchford (now Parr), had sought to establish that decedent was petitioners' father. The De Witt County circuit court had dismissed the case for lack of prosecution. In the adoption case, Carl Parr adopted petitioners on September 21, 1972, with decedent's consent.

On January 7, 2002, petitioners filed a response to the motion for summary judgment. As part of their response, they submitted Kaye Parr's affidavit that she was petitioners' natural mother, her grandparents were petitioners' great-grandparents, and she was married to Carl Parr when he adopted petitioners.

On April 10, 2002, the trial court denied respondent's motion for summary judgment, because if petitioners proved the averments in their mother's affidavit, they would have standing under section 2—4(d)(1) of the Probate Act. We granted respondent's petition for leave to appeal.

## II. ANALYSIS

■ This appeal requires us to interpret section 2—4(d) of the Probate Act. We interpret statutes *de novo*—that is to say, without any deference to the trial court's interpretation. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503, 732 N.E.2d 528, 535 (2000). When interpreting a statute, we strive to ascertain the legislature's intent. *Paris v. Feder*, 179 Ill. 2d 173, 177, 688 N.E.2d 137, 139 (1997). The best evidence of that intent is the language the legislature used in the statute, and we should give the language its plain and ordinary meaning. *Paris*, 179 Ill. 2d at 177, 688 N.E.2d at 139. If the statutory language is clear and unambiguous, we should discern the legislative intent from that language alone, without resorting to other tools of statutory construction, such as legislative history. *People v. Hickman*, 163 Ill. 2d 250, 261, 644 N.E.2d 1147, 1152 (1994).

■ Section 2—4(d)(1) of the Probate Act provides as follows:

"(d) For purposes of inheritance from or through a natural parent and for determining the property rights of any person under any instrument, an adopted child is not a child of a natural parent, nor is the child a descendant of a natural parent or of any lineal or collateral kindred of a natural parent, unless one or more of the following conditions apply:

(1) The child is adopted by a descendant or a spouse of a descendant of a great-grandparent of the child, in which case the adopted child is a child of both natural parents." 755 ILCS 5/2—4(d)(1) (West 2000).

■ The parties agree that unless petitioners are children of

decedent within the meaning of the statute quoted above, petitioners lack standing to contest decedent's will. Only an "interested person" has the right to contest the admission of a will to probate. 755 ILCS 5/8—1 (West 2000). An "interested person" includes "one who has *** a financial interest[ ] [or] property right *** which may be affected by the action ***, including[,] without limitation[,] an heir." 755 ILCS 5/1—2.11 (West 2000). "Heirs" are those whom the law designates to receive an intestate estate. *Gridley v. Gridley*, 399 Ill. 215, 222, 77 N.E.2d 146, 150 (1948). Natural children of a decedent are descendants of the decedent and are, therefore, the decedent's heirs. 755 ILCS 5/2—1(a), (b) (West 2000). Only by virtue of their alleged status as children of decedent would petitioners have any interest in the estate.

Petitioners reason as follows. They are the natural children of Kaye Parr and decedent. When Carl Parr adopted petitioners, he was the spouse of Kaye Parr. As their natural mother, Kaye Parr was, of course, a descendant of a great-grandparent of petitioners (on their mother's side): her paternal and maternal grandparents were petitioners' great-grandparents. Petitioners conclude they are decedent's children under the exception in section 2—4(d)(1). Respondent considers petitioners' interpretation and application of section 2—4(d)(1) to be "strained" and "convoluted." We disagree. The language of the statute is clear and unambiguous, and if petitioners prove the facts in their rationale, they will fit neatly within the terms of the statute.

Respondent interprets the statute to mean that the adopted child remains a child of both natural parents only if the adopting parent is a descendant, or spouse of a descendant, of a grandparent *of the parent who no longer is a legal parent*. Thus, under respondent's interpretation, if Carl Parr were decedent's brother or brother-in-law, petitioners would remain children of both natural parents—but not if Carl Parr were merely the spouse of petitioners' mother. Respondent interprets the statute as follows:

> "The child is adopted by a descendant or a spouse of a descendant of a *paternal* great-grandparent of the child, in which case the adopted child is a child of both natural parents."

If the legislature intended the statute to mean what respondent argues it means, the legislature could have easily said so by inserting a single but highly significant qualifying word: "paternal." The statute does not so read, however, and we will not insert conditions or limitations into a statute that are absent from the text (*Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-85, 710 N.E.2d 399, 401 (1999)).

While denouncing petitioners' interpretation as a "clever sleight of hand," respondent concedes their interpretation "falls within the letter of the statute." Quoting *In re Estate of Abell*, 395 Ill. 337, 346,

70 N.E.2d 252, 256 (1946), he urges us, however, to accept his own interpretation as being " 'within the object, spirit[,] and meaning of [the] statute[,] *** although not within the letter.' " He argues: "Given the number of children who are adopted by the spouse of a natural parent, [petitioners'] interpretation would have the absurd result of preserving the inheritance rights of adopted children from their natural parents in a staggering number of cases."

■ The supreme court said, in *Abell*, 395 Ill. at 347, 70 N.E.2d at 257: "*If the language of a statute employed admits of two constructions*, one of which makes the enactment mischievous, if not absurd, and the other renders it reasonable and wholesome, the construction leading to an absurd result should be avoided." (Emphasis added.) As we explained, respondent's interpretation has no basis in the plain and unambiguous language of section 2—4(d)(1), and therefore the statute does not "admit of" his interpretation.

Moreover, unlike respondent, we perceive no "absurdity" in an adopted child's inheriting from both of the parents who brought him or her into the world. Traditionally, courts regarded "the adoption statute [as leaving] the rights of inheritance between the adopted child and his natural parent the same as though no adoption had taken place." *In re Estate of Tilliski*, 323 Ill. App. 490, 499, 56 N.E.2d 481, 485 (1944), *aff'd*, 390 Ill. 273, 61 N.E.2d 24 (1945). As the supreme court said, in a passage that petitioners quote:

> "The statute authorizing adoption of children is remedial. It was unknown to the common law. Primarily, it is beneficial to the adopted child. It gives to it rights it did not have before. It does not purport to lessen any of its natural rights, but gives additional rights. The same right of heirship from blood parents enjoyed by a natural child should not be taken from an adopted child unless clearly required by statute." *In re Estate of Tilliski*, 390 Ill. at 285, 61 N.E.2d at 29.

On its face, section 2—4(d)(1) does not "clearly require" us to hold that petitioners have no right of heirship from decedent. Rather, it "clearly requires" us to hold they are his heirs, if indeed they are his natural children and the averments in Kaye Parr's affidavit are true.

■ Even if we agreed with respondent that section 2—4(d)(1), as petitioners literally interpret it, is inconsistent with sound public policy, we would not interpret it as saying something other than what it plainly says. We will not effectively amend the clear and unambiguous language of statutes to eliminate what we consider bad public policy (conveniently labeled as "absurdities the legislature could not have intended"). If the statute, as written, seems a bad idea, the appeal is to the legislature, not to us. *People v. Garner*, 147 Ill. 2d 467, 476, 590 N.E.2d 470, 474 (1992).

Just as we should not allow considerations of public policy to lure us away from the clear language of the statute, we should not allow legislative history to do so, either. Therefore we decline the parties' invitation to consider the legislative history of section 2—4(d)(1). As the supreme court recently said:

"*Only* if the statutory language is ambiguous may we consider extrinsic aids for construction, such as legislative history, to determine legislative intent. In the absence of ambiguity, we must rely on the plain and ordinary meaning of the words chosen by the legislature." (Emphasis added.) *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 426 (2002).

Because the statutory language is clear, we will rely on its plain and ordinary meaning, without an unnecessary foray into legislative history.

## III. CONCLUSION

For the foregoing reasons, we answer the certified question in the affirmative and remand this case for further proceedings.

Question answered; cause remanded.

KNECHT and STEIGMANN, JJ., concur.