**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250222-U

Order filed June 24, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| In re THE ESTATE OF ANDREW R. VRCHOTA, Deceased. | ) ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| (Kristina Vrchota Ryterski, Appellant v. Joyce Morgan, Appellee). | ) ) ) ) ) ) ) | Appeal No. 3-25-0222 Circuit No. 24-PR-352  Honorable Paul M. Fullerton, Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice Hettel and Justice Brennan concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   The court erred in its interpretation of the statute regarding conditions under which an adoptive child is entitled to inherit from a natural parent.

¶ 2      Appellant, Kristina Vrchota Ryterski, appeals the Du Page County circuit court's order which determined that, as an adoptive child, she was not heir to her natural father, Andrew R. Vrchota's estate, and naming his sister, appellee Joyce Morgan, as his heir. We vacate the order and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        Linda Fleming, decedent's sister-in-law, filed a petition for probate of will and for letters

testamentary. Fleming listed decedent's heirs as his daughter, Kristina Vrchota, and his sister,

Joyce Morgan. The will provided that decedent's residuary estate was to go to his descendants.

Fleming was appointed supervised executor.

¶ 5        Fleming filed a petition seeking to declare Kristina the sole heir to decedent's estate. The

petition alleged that Kristina was decedent's daughter and was born during his marriage to

Sharon Vrchota. It further alleged that Kristina was adopted by Dennis Charles Ryterski in 1973.

The petition set forth that Kristina had provided a certificate of live birth from the Illinois

Department of Public Health (IDPH) vital records, a certificate of birth from Central Du Page

Hospital, and a certificate of baptism. Those documents were attached as exhibits to the petition.

The IDPH birth certificate listed the child's name as Kristina Louise Ryterski, the mother, with

her maiden name, as Sharon Budzbanowski, and the father as Dennis Ryterski. The hospital birth

certificate stated that Kristina Louise Vrchota was born to Andrew and Sharon Vrchota. The date

and time of birth are the same on both birth certificates—April 24, 1968, at 1:59 a.m. The

petition also alleged that no other children were born to or adopted by decedent.

¶ 6        Morgan filed an answer to the petition which stated that upon information and belief,

decedent's daughter, Kristina, was adopted by Dennis. The answer also stated that Kristina could

not inherit from decedent because she was adopted by Dennis. Morgan sought to have the court

declare herself the sole heir to decedent's estate.

¶ 7        The court ordered the parties to file briefs regarding their position on the petition.

Fleming's brief set forth as a fact that Kristina was adopted in 1973 by Sharon Budzbanowski

(Vrchota)—her mother—and Dennis. The brief argued that, under the pertinent statutes, Kristina

2

was able to inherit from both her adoptive and natural parents. Morgan's brief also set forth the fact that Kristina was adopted. The brief argued that the pertinent statute provided that an adopted child was not a child or descendant of a natural parent unless one of three conditions applied. The brief argued that none of the conditions applied, such that Kristina could not inherit from her natural father—decedent—because she had been adopted.

¶ 8 The court held a hearing on the motion. Fleming's counsel advised the court that Kristina was present via Zoom. The court stated that Kristina was the biological daughter of decedent but was adopted by Dennis while she was a minor. Fleming's counsel confirmed that was correct. Fleming's counsel argued that one of the conditions (that the child was adopted by a descendant or a spouse of a descendant of a great grandparent) applied, such that Kristina could inherit from her natural parents. The court, in attempting to clarify who the relevant individuals were, stated that decedent was Kristina's father and Sharon was her mother. Fleming's counsel confirmed that was correct. The court then stated that decedent and Sharon got divorced, Sharon married Dennis and Dennis adopted Kristina. Fleming's counsel again confirmed that was correct. Morgan's counsel did not object or otherwise challenge that assertion. The court then asked if Dennis was a descendant or spouse of a descendant of decedent's parents. Fleming's counsel was not certain but did not believe so. Based on that information, the court determined that the condition did not apply. The court noted the pertinent statute that provides that an adopted child ceases to be a descendant of a natural parent for purposes of determining inheritance rights, unless one of the conditions applied. The court found that none of the conditions applied to this matter, such that Kristina ceased to be a descendant of decedent because she was adopted. The court entered an order denying Fleming's petition seeking to declare Kristina the sole heir to decedent's estate. The court found that Kristina was not an heir to the estate. The court further

3

found that Morgan, as decedent's sister, was an heir to the estate. The order stated that pursuant to Illinois Supreme Court Rule 304(a) (eff. March 8, 2016) there was not just reason for delaying either enforcement or appeal or both. Kristina appeals.

¶ 9                                                    II. ANALYSIS

¶ 10         Kristina argues that an adopted child is entitled to inherit from a natural parent. Specifically, she argues that under the statute, a stepparent adoption does not alter the parent-child relationship between the child and the natural parent. Kristina relies on the statutory language that allows the inheritance where an adoptive parent is a descendant or spouse of a descendant of a great grandparent of the adoptive child. She further argues that, if she is not allowed to inherit from decedent based upon the relevant statutes, then she has been subject to an unconstitutional deprivation of due process rights. Morgan argues that generally, adopted children cannot inherit from their natural parents. She further argues that although adopted children can adopt from their natural parents if one of three conditions apply, none are applicable here. Morgan specifically argues that there was no proof presented below that Dennis, who adopted Kristina, was married to Kristina's mother.

¶ 11         This appeal involves the interpretation of section 2-4(d)(1) of the Probate Act of 1975 (Act) (755 ILCS 5/2-4(d)(1) (West 2024)). Section 2-4(d)(1) of the Act provides that "[f]or purposes of inheritance from or through a natural parent and for determining the property rights of any person under any instrument, an adopted child is not a child of a natural parent, nor is the child a descendant of a natural parent *** , unless one or more of the following conditions apply: (1) The child is adopted by a descendant or a spouse of a descendant of a great-grandparent of the child, in which case the adopted child is a child of both natural parents." 755 ILCS 5/2-4(d)(1) (West 2024). This court reviews the interpretation of a statute *de novo*. *In re Estate of*

4

*Snodgrass*, 336 Ill. App. 3d 619, 621 (2003). "The best evidence of that intent is the language the legislature used in the statute, and we should give the language its plain and ordinary meaning." *Id.*

¶ 12    Here, as Kristina was adopted[1] by Dennis, she needed to show that Dennis was a descendant or a spouse of a descendant of one of her great-grandparents in order to be considered a descendant of decedent. Kristina does not argue that Dennis was a descendant of one of her great-grandparents and nothing in the record indicates that he was. Thus, for the condition to apply, Kristina needed to show that Dennis was married to a descendant of her great-grandparents. Kristina's mother is a descendant of her great-grandparents, such that if she could show that Dennis was married to her mother when he adopted her, the condition would apply and she could inherit from decedent. See *Snodgrass*, 336 Ill. App. 3d at 622-623 (interpreting section 2-4(d)(1) of the Act and applying it to a situation where the adopted children were adopted by the natural mother's husband and decedent was their natural father).

¶ 13    Morgan argues for the first time that there was no evidence presented to show that Dennis was married to Kristina's mother at the time he adopted her. However, during the hearing, it was represented that Dennis and Kristina's mother were married and Morgan did not object or voice disagreement. Essentially, the matter seemed to be undisputed. Additionally, a review of the transcript from the hearing indicates that it proceeded as if there was no dispute as to the relevant facts, and instead there was only a dispute as to whether, given those facts, section 2-4(d)(1) applied. In light of how this matter proceeded below and the court's misinterpretation of section

---

[1]In her reply brief, Kristina presents some argument that it was never shown that she was adopted, such that she would still be considered an heir. However, she did not make that argument in the court below or in her opening brief. Therefore, the argument is forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that argument must "contain the contentions of the appellant and the reasons therefor" and that "[p]oints not argued are forfeited and shall not be raised in the reply brief").

2-4(d)(1), we vacate the court's order and remand the matter for further proceedings, where the parties can present evidence, including evidence regarding whether Dennis and Sharon were married when Dennis adopted Kristina. In light of our disposition of this issue, we need not decide the due process issue raised by Kristina.

¶ 14                                    III. CONCLUSION

¶ 15         The judgment of the circuit court of Du Page County is vacated and the matter remanded for further proceedings.

¶ 16         Vacated and remanded.